## AUGUSTUS WILLIAM WALKER v. ETIENNE VILLAVASO.

A contract to pay a higher rate of interest than eight per cent. per annum, is usurious, unless the interest agreed upon be included in a written obligation and form a part of the amount for which the written obligation is given, and the penalty for a usurious contract is the forfeiture of the entire interest so contracted. He who pays such usurious interest can recover the amount so paid by him, if he sue for it within twelve months from the time of payment.

APPEAL from the District Court, Parish St. Bernard, *Cazabat*, J.
L. *M. Day*, for appellant. *C. Roselius*, for appellee.

HYMAN, C. J. Joseph S. Cucullu gave a mortgage on certain immovable property, in the Parish of St. Bernard, to secure the payment of two notes of $10,000 each, owing by him to defendant stipulating in the act of mortgage, on his failing to pay the notes at their maturity, eight per cent. interest from maturity, and the fees of the attorney whom defendant should employ to collect them, and that the fee of the attorney should be ten per cent. on the capital which might be owing.

Cucullu subsequently sold the property mortgaged to plaintiff, who assumed the payment of the notes and mortgage.

Cucullu brought suit in the above named Court against plaintiff to have judgment rendered condemning plaintiff to pay the notes, and judgment was so rendered; but on an appeal to this Court, the judgment was reversed and the case remanded to the lower Court, permission having been granted in the decree of this Court to Cucullu, to make persons having an interest therein parties thereto.

On the return of the decree of this Court to the District Court, Cucullu amended his original petition, asking that defendant be cited to answer the demand of his original and amended petition, and that judgment be rendered as prayed for in his original petition.

Defendant answered, denying that Cucullu had any claim on him,

Walker v. Villavaso.

averred that he (defendant) was the owner of the notes, that he had obtained executory process to enforce their judgment, which process plaintiff had enjoined; that Cucullu had no control over the notes, and prayed that the suit might be dismissed. The executory process referred to in defendant's answer, was issued February, 1861, and was enjoined at the suit of plaintiff. This injunction suit was dismissed, on motion, at plaintiff's cost, and it appears, by plaintiff's allegations, that the executory process was also discontinued.

On the 18th of October, 1861, defendants obtained from said District Court, a second order of seizure and sale of the property mortgaged, to enforce the payment of the aggregate amount of the notes, say twenty thousand dollars, with eight per cent. interest per annum, from the 4th of February, 1861, the attorney's fees, four hundred dollars for cost of protest, cost of notarial copies, and costs of suit. This process was instituted against plaintiff, styled *Etienne Villavaso* v. *Augustus W. Walker*, No. 413, and issued conformably, in every respect, to the prayer in defendant's petition, and enjoined at the suit of the plaintiff on the grounds which will be stated hereafter.

Defendant answered this injunction suit, and denied the allegations of plaintiff; stated that the injunction was illegally issued and prayed that it might be dissolved, with damages.

Judgment was rendered on this injunction suit (which is now an appeal), dissolving the injunction, and condemning plaintiff to pay defendant $500 damages, and costs of suit.

Plaintiff appealed.

The first ground alleged by plaintiff for injunction, is, that the cost of the first named injunction suit had not been paid by defendant. The erroneous position is assumed, that defendant was bound to pay the cost of a suit which plaintiff was condemned, by the judgment of the Court, to pay.

The second ground for injunction, is, that defendant was a party to the suit instituted by Cucullu against plaintiff, which was yet pending. Plaintiff claims (we use the words of his petition), the benefit of the exception of lis pendens. No claim of any kind was made by defendant against plaintiff, or by plaintiff against defendant, in the suit of Cucullu against plaintiff; and the fact that Cucullu caused citation to be made in defendant to appear in the suit, did not make him, without his consent, a party claiming or suing for any decree whatsoever against plaintiff.

To sustain this exception, another suit should be pending, *in another Court of concurrent jurisdiction*, between plaintiff and defendant, wherein the one asked against the other a decree or judgment of the Court, in the same cause of action as that on which defendant obtained his order of seizure and sale. Code of Practice, No. 335.

The third ground, is, that by contract time had been given him to pay

the notes, the agreement was, that should plaintiff furnish A. Miltenburger & Co. as guarantees, that one of the notes would be paid within sixty days from the 4th of February, 1861, and that, should the notes be paid within that time, defendant was to postpone, for one year, the payment of the other note. After the agreement, defendant refused to take the guaranty.

The sixty days passed, and no payment was made by plaintiff, plaintiff not having complied with all the conditions precedent to his right by the agreement to have a term of a year to pay one of the notes ; the agreement was not binding on defendants.

The fourth and last ground, is, that he paid certain amounts of usurious interest, and for them he was entitled to a credit before defendant obtained his order of seizure and sale against his (plaintiff's) property, which credit had not been given.

From the testimony of Avegno, and the interrogations on facts and articles propounded to defendant, which were ordered by the Court to be taken as confessed, it appears that defendant entered into agreements with plaintiff to prolong the term of the payment for the notes, from the 4th of February, 1858, to 4th of February, 1859, on his (plaintiff's) paying, in advance, twelve per cent. on the amount of the notes, from 4th February, 1859, to 4th February, 1860, on his paying, in advance, ten per cent., from 4th February, 1860, to 4th February, 1861, on his paying, in advance, eleven per cent. Their agreements, changed for three years—the rates of interest stipulated for in the written obligation, were complied with, and plaintiff paid the interest at the rates above named, in advance.

Their agreements and payments are termed by the parties renewals, though no change or renewal of the notes was made. A contract to pay a higher rate of interest than eight per cent. per annum, is usurious, unless the interest agreed upon be included in a written obligation and form a part of the amount for which the written obligation is given, and the penalty for a usurious contract is the forfeiture of the entire interest so contracted. He who pays such usurious interest can recover the amount so paid by him, if he sue for it within twelve months from the time of payment. See Act to regulate the rate of interest, approved March 15th, 1855 ; also Acts relative to the rate of interest, approved March 20th, 1856, and March 2d, 1860. 5 Annual, 507.

Defendant has not pleaded that he is discharged, by effect of time, from his responsibility to plaintiff for the sums of usurious interest paid by plaintiff for him. No plea of prescription is filed. Indeed, were such a plea made by defendant, we are not sure that it would avail him, because, as plaintiff setting up this claim in defense the maxim of the law, quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum, would sustain him. See 13 Annual, 234.

Defendant fully proved the damages allowed him in the judgment. He has asked, in this Court, that the judgment of the lower Court be con-

firmed. We are therefore exempted from the duty of inquiring whether he would be, under different pleadings, entitled to more damages than were allowed in the judgment.

It is decreed, that the judgment of the lower Court be reversed. It is further decreed, that the injunction be perpetuated, so far as to restrain the sheriff from enforcing the collection under the order of seizure and sale, of a part of the sum ordered to be collected, to wit: The sum of six thousand and six hundred dollars, which is to be credited on the above named notes, being the amounts of usurious interest paid by plaintiff to defendant. It is further decreed, that, in other respects, the injunction be dissolved, and that defendant recover of the plaintiff the sum of five hundred dollars, as damages for the wrongful obtaining of injunction to an extent not authorized by law. It is further decreed, that defendant pay the costs of this injunction suit, (both of this Court and the lower Court). It is further decreed, that the sheriff proceed with the sale of the mortgaged property, under the order of seizure and sale, to make the sum of thirteen thousand four hundred dollars, with interest thereon, at the rate of eight per cent. per annum, from the 4th day of February, 1861, till paid—four hundred dollars; attorney's fee; fourteen dollars, cost of protest; five dollars, cost of notarial copies; and the costs of seizure and sale.

---

### THE SAME v. THE SAME.—ON REHEARING.