ST. PAUL, J.
 

 In the brief filed herein on behalf of the defendant we find the case stated substantially thus:
 

 Plaintiff, as head and master of the community between himself and his wife, instituted this action against defendant, praying therein to be recognized as owner of certain real property and for judgment compelling defendant to deliver possession thereof; also for rent from judicial demand.
 

 Defendant denied plaintiff’s title, .and in a reconventional demand claimed to be the owner of an undivided one-half interest in the property, under a verbal agreement made at the time of the purchase.
 

 The property, though belonging wholly to the community (unless defendant’s claim to a half interest therein be well founded), was purchased in the name of the wife; and the alleged verbal agreement is claimed to have been made with her. Accordingly,
 

 In order to prove his claim to a half interest in the property, defendant annexed to his answer and reconventional demand interrogatories on facts and articles, addressed to plaintiff, and also to plaintiff’s wife, based on the allegation that the wife was a party interested in the suit as the other member of the community; and for the further reason that she had acted as the agent of the community in the transaction.
 

 I.
 

 Plaintiff answered the interrogatories, denying that defendant had any interest in the property, denying (on information and belief derived from his wife) the alleged verbal agreement, and denying
 
 definitely
 
 that he had ever consented to such an agreement. 1-Ie also made the declaration- that the property was rented to his tenant, his wife’s mother (defendant’s sister), and that defendant resided with her.
 

 II.
 

 On motion, after due hearing, the trial judge rescinded his order requiring the wife to answer the interrogatories propounded to her touching the alleged verbal agreement and defendant’s alleged half ownership in the property.
 

 On the merits he gave plaintiff judgment decreeing him (i. e., the community) to be the sole owner of the property and rejecting defendant’s claim to a half ownership therein. He also rejected plaintiff’s claim
 
 against this defendant
 
 for rents and revenues ; as well he should, in view of plaintiff’s declaration aforesaid that he had his own tenant in the property and that defendant merely resided with her. Answers to interrogatories on facts and articles form part of the pleadings. McKerall v. McMillan, 9 Rob. 19.
 

 III.
 

 And, of course, the judgment as to the ownership of the property was correct,
 
 unless
 
 the trial judge erred in rescinding his order requiring the wife to answer the interrogatories aforesaid. But in this he was correct.
 

 Since the amendment to article 2334, R. C. O., by Act No. 186 of 1920, it is the law' that, “when the title to community property
 
 stands in the name of the wife,
 
 it cannot be mortgaged or sold by the husband without her
 
 written
 
 authority or consent.”
 

 
 *1101
 
 But the reverse of this is not true. In such case neither can the wife herself
 
 mortgage or sell
 
 the property without the authority and consent of her husband, since he is still “head and master of the * * * community.” R. O. O. art. 2404.
 

 But it is clear that a husband or wife who, by confessing judgment, by suffering a judgment by default, or by admissions made in answers to interrogatories, enables another to take away the community property, does in fact
 
 alienate
 
 such property as effectively as if he or she had. sold it. And it would be too narrow a construction to place on the statute, in view of its manifest purpose, to hold that the prohibition against any alienation by the husband (and by the same token, by the Wife) applies only to conveyances by
 
 deed of sale,
 
 for a judgment awarding property to another conveys it as effectively as the
 
 most
 
 formal deed. Cf. 12 Corp. Jur. 206, verbo Common Recovery; 25 Corp. Jur. 1141, verbo Fine.
 

 IV.
 

 The alleged
 
 agency
 
 of the wife was denied by the husband in the only means of proof available to defendant in the absence of written authority (Turner v. Snype, 162 La. 117, 110 So. 109); which thus leaves her without authority to make the alleged agreement.
 

 The case of Knoblock
 
 &
 
 Rainold v. Posey, 126 La. 610, 52 So. 847, has no application to this; but an analysis thereof need not be given here, as it has twice before been analyzed by us. See Mitchell v. Dixie Ice Co., 157 La. 383, 102 So. 497; Ring v. Schilkoffsky, 158 La. 361, 104 So. 115. But the
 
 kernel
 
 of that case is to be found in this
 
 flash
 
 of natural equity which shines out in the opinion handed down, to wit: “Mrs. Posey’s [separate] property cannot therefore be made liable for this debt [money borrowed by her with the consent of her husband to pay the price of property bought in her name for account of the community].
 
 But loe do not see how the property which, the money was borrowed to pay for can escape liability.”
 
 (Italics by this writer.) The reason is obvious, to wit, “the moral maxim of the law that
 
 no one ought to enrich himself at the expense of another.”
 
 R. C. O. art. 1965. Accordingly the wife was ¡held not personally liable, and judgment was given (in effect)
 
 m rem
 
 against the property itself,
 
 the husband, head of the community, having himself joined the uñfe as a party .defendant in the suit.
 
 The authority of the wife to stand in judgment alone was expressly pretermitted as “not arising in the case” ; and her right to act
 
 alone
 
 for the community was not involved, as the husband had authorized and assisted her in all she did, “and everything she did was on his advice.”
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 ODOM, J., dissents.