GULF REFINING CO. v. EVANS et al.

No. 5636.

Court of Appeal of Louisiana.
Second Circuit.

April 1, 1938.

Rehearing Denied April 29, 1938.

Robert .H. Wimberly, J. Rush Wimberly, and Goff & Goff, all of Arcadia, for appellants.

J. S. Atkinson and Frederick E. Greer, both of Shreveport, for appellee.

TALIAFERRO, Judge.

The Gulf Refining Company, availing itself of the provisions of Act 123 of 1922, instituted this interpleader proceeding to the end that it be judicially determined to whom rentals are due and should be paid under the terms of a mineral lease to C. A. Tooke, which by mesne transfers has devolved upon plaintiff, to the following described lands, to-wit:

"Tract 1. SW¼ of SE¼, Section 12, Township 15 North, Range 7 West; and

"Tract 2. SW¼ of SW¼, Section 7; SW¼ of NE¼, NW¼ of SE¼ and SE¼ of NW¼, Section 12, Township 15 North, Range 6 West; containing 160 acres."

The lands are here segregated into tracts for the convenience of reference in this opinion. It is now conceded by all parties that no dispute exists as to whom rentals are due, so far as Tract 1 is concerned.

On March 15, 1935, Mrs. Constance C. Evans and S. B. Evans sold and conveyed to Malinda Vanzant, the wife of Dee Vanzant, the lands embraced in Tract 2. At that time Dee Vanzant owned Tract 1.

On April 15, 1935, Malinda and Dee Vanzant executed to C. A. Tooke a mineral lease to both tracts, in the usual commercial form, wherein it is provided that if drilling operations thereunder were not begun on or before April 15, 1936, the lease would lapse, but that it might be continued in force from year to year, for the primary term, by the payment in advance of an annual rental of $200.00, or $1.00 per acre. Drilling operations were not commenced within the first twelve months after the date of lease. The amount due as rentals thereunder, so far as concerns Tract No. 2, were deposited in the registry of the court, simultaneously with the filing of the present suit.

Tooke assigned the lease to him, along with many others, to Walter L. George on May 27, 1935. The act of assignment was recorded on June 5, 1935. George assigned all of said leases to the Gulf Refining Company. of Louisiana on December 23, 1935, and in turn that company assigned the same leases unto the plaintiff herein, a Delaware corporation.

On March 16, 1935, Malinda Vanzant alone executed to S. B. Evans, N. O. Evans and Constance C. Evans a conveyance of "all (100%) of the oil, gas and other minerals in and under and that may be produced from" all of said Tract 2. This instrument expresses a consideration of $160.00 cash. It is not signed by either of the grantees nor by Dee Vanzant, Malinda's husband. While apparently executed on March 16, 1935, it was only filed for registry on December 18, 1935. It was recorded the following day.

On February 12, 1936, Malinda and Dee Vanzant executed to H. H. Morgan a notarial act of sale of Tract 2, without reference or mention of the previously executed mineral lease and transfer to Tooke and the Evanses, respectively. This act of sale was not filed for registry until June 12, 1936. It was recorded the following day. The price of the sale is declared to be $100.00 cash, and the assumption by the purchaser of outstanding mortgage and vendor's lien notes against the land ag-

gregating $1683.96. The vendee did not sign the deed. Also, on February 12, 1936, Malinda Vanzant alone executed to H. H. Morgan another deed to Tract No. 2, wherein the consideration is declared to be $100.00 cash. The act was signed by Morgan. It is declared therein, inter alia, to-wit:

"This sale is made subject to the following encumbrances against said above described property:

"One note, dated Sept. 25th, 1934, $333.-96; one note, dated Sept. 25th, 1934, $150.00; one note for $1200.00.

"Also any and all duly recorded encumbrance against said above described property, all of which are hereby relinquished in favor of said purchaser, his heirs or assigns."

The instrument was filed for registry on March 19, 1936.

On March 19, 1936, Malinda and Dee Vanzant executed to J. R. Goff a sale of "all the oil, gas and other minerals in and under and that may be produced from" Tract 2. The consideration of this instrument is declared to be "legal services rendered and to be rendered and other valuable consideration". It was filed for record on April 9, 1936, and recorded the next day.

The existence and registry of the above mentioned instruments, and others not deemed important to the issues tendered by the pleadings, is alleged upon by plaintiff as a basis of its right to implead the persons made defendant herein, viz.; S. B. Evans, N. O. Evans, Constance C. Evans, H. H. Morgan and J. R. Goff, and to require them inter sese to litigate the ownership of the rental amount deposited in the court's registry. This position is eminently well founded.

J. R. Goff answered and asserted ownership in full of the deposited rentals, basing his claim thereto upon the mineral sale to him by the Vanzants on March 19, 1936, above referred to. The other defendants joined in answering. They preceded their answer by an exception of no cause and no right of action, which was overruled. It is reurged here.

Goff attacks the mineral sale by Malinda Vanzant to the Evanses and the sale of the lands in fee to Morgan, second above mentioned, as being absolutely null, void and without effect for the reason that Dee Vanzant did not join therein. Supporting this position, he alleges in amplification that, regardless of the fact that the title to the property was taken in the wife's name, since there is no recital in the act negativing the presumption of community, the acquisition became a community asset and, this being true, it was indispensable to the validity of a sale of the land or of any right thereto or thereupon that the husband be a party thereto as head and master of the community in whom, it is further argued, reposes the exclusive right to alienate community assets by onerous or other title.

Morgan and the Evanses admit execution and registry of all of the documents above enumerated and described, but the right of the Gulf Refining Company to interplead them herein or to make deposit of the rentals, as by it done, and to provoke litigation between them and Goff to establish title thereto, is seriously assailed. They deny that Goff acquired any oil, gas or other mineral right in or under the said land by or through the Vanzants; deny that he paid any price therefor; and aver that said instrument to him was a subterfuge and an attempted fraud against them and their rights. That he well knew that the Vanzants at no time were the owners of the minerals in and under said lands; but alternatively, if they ever did own same, the Evanses had acquired such rights under the sale from Malinda Vanzant.

The Evanses assert ownership in its entirety to all the minerals in and under Tract 2 by virtue of the sale thereof by Malinda Vanzant, and attack the lease by the Vanzants to Tooke and the intervening assignments down to that to plaintiff, as being null, void and without effect as against them for the alleged reason that Tooke and George were both agents of plaintiff in procuring and assigning the Vanzant lease; that it was procured through fraud, misconduct and misrepresentation, they at the time well knowing that Malinda Vanzant had sold to them (the Evanses) all the mineral rights in and to said Tract 2.

It is additionally alleged, somewhat in contradiction of the foregoing allegations as epitomed, that Malinda Vanzant never at any time owned said mineral rights because they were in reality reserved by the Evanses when the tract was conveyed to her, all of which they aver was well known to the Gulf Refining Company,

Tooke and George. They also aver the lease to Tooke and subsequent assignments thereof were subterfuges, done for the purpose of putting the grantees therein in a position to assert that the lease had gone into the hands of innocent third persons. They deny that any consideration was paid therefor; and pray that all of said attacked instruments be decreed null and void and ordered erased from the records of Bienville Parish. They do not, therefore, assert interest in or title to the amount deposited to renew the Tooke lease.

There was judgment in favor of the Gulf Refining Company adjudging it as assignee to have complied with the rental provisions of the lease contract to Tooke, and relieving it of further liability for the payment of the rents deposited in the court's registry. There was also judgment in favor of Goff, recognizing his ownership of the minerals and mineral rights described in the sale thereof to him by the Vanzants, and decreeing him entitled to the rentals deposited in the registry of the court. The demands and contentions of Morgan and the Evanses were rejected. Costs of suit were apportioned between the various parties, excepting the Gulf Refining Company. The Evanses and Morgan appealed.

■ We are apprised of the theory upon which the exception of no cause and no right of action is predicated only by the brief of appellees. They say therein that the lease from the Vanzants to Tooke is a part of the petition because made so by specific allegation, and that in said lease it is stipulated,—

"No sale or assignment by lessor shall be binding on lessee until lessee shall be furnished with a certified copy of recorded instrument evidencing same."

That, before plaintiff could be exposed to liability to an assignee of the Vanzants, a copy of the assignment must have been furnished the lessee (plaintiff); that there is no allegation in the petition that this stipulation of the lease contract has been complied with and, this being true, plaintiff was without right to implead exceptors in this cause unless and until they had asserted a claim to or interest in the renewal rentals due under the lease to Tooke. We are unable to recognize any merit in this contention. The above quoted stipulation in the mineral lease is designed to protect the lessee and his assignees. He may require strict compliance therewith or not, as he chooses. The stipulation does not forbid him to independently check the public records for conflicting claims in whole or part to the rentals and, finding evidence of such claims, he unquestionably has the right to invoke the benefit of appropriate laws to protect his rights. Act 123 of 1922 was adopted to take care of such a contingency. It supplied a long felt need. To illustrate the soundness of our reasoning, it is only necessary to consider the present case. Exceptors were not parties to the lease to Tooke. They certainly do not assert any right, directly or indirectly, flowing from it. Surely they would not furnish plaintiff with a copy of the mineral sale to them by the Vanzants, as this has no connection whatever with the lease to Tooke. On the contrary, they repudiate in its entirety this lease as being null and void for reasons by them assigned.

The rank of the instruments primarily involved herein, according to registry, is as follows:

1. Mineral lease by the Vanzants to Tooke (June 4, 1935);

2. Sale of minerals by Malinda Vanzant to the Evanses (December 12, 1935);

3. Sale of land by Malinda Vanzant to H. H. Morgan (not signed by the grantee). (March 25, 1936);

4. Sale of minerals by the Vanzants unto J. R. Goff (April 9th, 1936); and

5. Sale of land by the Vanzants unto H. H. Morgan (signed by the grantee) (June 13, 1936).

If gauged by their dates, the order of precedence of said instruments would be different.

■ Therefore, when Tooke procured the lease from the Vanzants, the public records vouchsafed to him their unquestioned right to so contract. Whether he was acting in the matter for himself individually or for George, or for both George and the Gulf Refining Company, is of no importance here. He had the unqualified right to rely upon the faith of the public records and as to him and any other third person, unrecorded instruments affecting the land or the minerals, in the language of Article 2266 of the Civil Code, were "utterly null and void". And even though Tooke or either or all of the subsequent assignees had knowledge of the unrecorded mineral sale by Malinda Vanzant to the Evanses, the validity of the original lease and subsequent

assignments of the same would not thereby be unfavorably affected. Registry is the indispensable prerequisite to constitute knowledge. This salutary rule, as regards titles to immovables, has been announced in numerous decisions. These but enforce the plain and unambiguous articles of the Code on the subject.

In McDuffie v. Walker, 125 La. 152, 51 So. 100, the court expressed itself in no uncertain manner on the question by holding:

"The law which declares that all contracts affecting immovable property which shall not be recorded in the parish where the property is situated 'shall be utterly null and void, except between the parties thereto' (Laws, 1855, p. 335, No. 274), is clear and unambiguous. It was intended to settle in this state the question whether knowledge, possessed by a third person of a contract affecting immovable property should be considered, so far as such person is concerned, equivalent to the registry of the contract, and it settled that question in the negative."

In the more recent case of Coyle v. Allen et al., 168 La. 504, 122 So. 596, the court said (page 598):

"It is the settled jurisprudence of this state that third persons dealing with immovable property need only look to the public records, since notice or knowledge de hors the record is not equivalent to registry."

In Ridings et al. v. Johnson, 128 U.S. 212, 9 S.Ct. 72, 32 L.Ed. 401, the Supreme Court expressed the rule in the following language (page 75):

"We may therefore regard it as the settled jurisprudence of Louisiana that, at least from and since the passage of the law of 1855, an unrecorded mortgage has no effect as to third persons not parties to the act of mortgage or judgment, even though they had full knowledge of it. The registry seems to be intended not merely as constructive notice, but as essential to the validity of the mortgage as to third persons.

"It is interesting to know that this result coincides with the doctrine of the French jurists, deduced from the Code Napoleon, article 2134 of which declares that, 'between creditors, a mortgage, whether legal, judicial, or conventional, has no rank except from its inscription by the creditor on the records of the custodian, in the form and manner prescribed by law,' saving certain enumerated exceptions, not relating to the matter in hand. See Paul Pont, Privilêges & Hypothêques, arts. 727, 728."

In that case the court reviews the history of the Louisiana cases on the subject of the effect, etc., of non-registered instruments involving real property.

In the case at bar, as was attempted in the Coyle Case, effort was made to prove by parol testimony that George and Goff had knowledge of the existence of the non-registered mineral deed held by the Evanses. Objection was properly made to the admissibility of such evidence. It was admitted subject to the objection. The testimony was clearly inadmissible. To purchase immovable property, or some real right appertaining thereto, with knowledge of the existence of unrecorded instruments affecting its title or the right or ability of the record owner to perfectly alienate same does not amount to fraud.

The foregoing rulings dispose of the broad charge of fraud, etc., made against the integrity of the instruments running to Tooke and Goff. The mineral sale to Goff, in point of registry, is secondary to the mineral sale to the Evanses and to the sale of the land to Morgan, which was recorded March 25, 1936, to neither of which instruments is Dee Vanzant a party. As heretofore stated, Goff attacks the validity of both acts as being null and void on the ground that the husband alone, as head and master of the community, was vested with power legally to make such alienations. We think this position well taken.

On June 2, 1936, Dee Vanzant filed a jactitation suit in Bienville Parish against Morgan to remove from the records the sale to him by Malinda Vanzant, which was recorded March 25, 1936. The sale is attacked on the ground that it was null and void because signed by Malinda alone. The suit was answered and after trial and judgment below, appealed here. Dee Vanzant v. Morgan, 181 So. 660. It bears No. 5646 on the docket of this court. The lower court rejected plaintiff's demand. That judgment was reversed by us and a judgment rendered for plaintiff, as by him prayed for, which is this day handed down. In the course of our opinion, we said:

"We are also of the opinion that the deed executed by Malinda Vanzant alone in favor of Morgan and the object of attack in cause No. 5647 [181 So. 666],

should be set aside. The property, as before stated, belonged to the community of acquets and gains existing between the husband and wife. A wife cannot alienate property having that legal status without the authority and consent of her husband who is head and master of the community. Civil Code, Articles 2402 and 2404; Bywater v. Enderle, 175 La. 1098, 145 So. 118. It is provided in article 2275 of the Civil Code that,—

" 'Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the property thus sold.'

"The instrument presently under consideration carried no signature of the husband, and he has not confessed under oath to a verbal sale of the property. Nor did he grant to his wife written authority to execute the deed as agent for or on behalf of the community. A power of attorney to sell real estate must be in writing. Turner v. Snype, 162 La. 117, 118, 110 So. 109."

This holding by us is pertinent also to the mineral sale by Malinda Vanzant to the Evanses because that instrument was invalid ab initio for the same cause that rendered invalid the above discussed sale by her to Morgan.

For the reasons herein assigned, and for those assigned in our opinion in said suit No. 5646, the judgment appealed from is affirmed, with costs.