O’NIELL, Chief Justice.
 

 This is a suit to annul a sale on the ground of fraud. The deed is dated September 4, 1934, and purports to be a sale by the plaintiff of a half interest in the mineral rights in a tract of land having an area of 28 acres belonging to the plaintiff. She avers that at the time when the sale was made the land was subject to a mineral lease in favor of one of the defendants, dated August 18, 1931, and that the deed dated September 4, 1934, purporting to transfer half of her mineral rights, was prepared and written by the defendants, or by one of them representing the others, and was represented to her as being a sale of one-half of the one-eighth royalty to be paid to her under the lease. She avers that she could not read the English language, and hence was induced by the false representations of the buyers to sign the
 
 *545
 
 deed purporting to transfer half of her mineral rights for a price less than 'one-twentieth of the value of the rights which the deed purports to convey. She avers that the lease dated August 18, 1931, expired sometime after September 4, 1934, and hence, that the defendants are not now entitled to half of the one-eighth royalty interest.
 

 The defendants, answering the suit, denied that there was any fraud or misrepresentation in the transaction complained of, and averred that the plaintiff intended to sell and did sell the one-half of her mineral rights in the 28 acres of land. The defendants annexed to their answer interrogatories on facts and articles and obtained an order from the judge commanding the plaintiff to answer the interrogatories categorically and under oath, in open court, on November 30, 1937.
 

 In the first interrogatory the plaintiff was asked to state if it was not a fact that on September 3, 1934, Atlee P. Steckler, one of the defendant? in this suit, issued a bank check payable to her, for $14, which check bore a memorandum in the left corner thus: “1/2 of all her mineral rights in 28 acres, more or less.” And in the same interrogatory she was asked if it was not a fact that she cashed the check. A photostatic copy of the check was annexed to the interrogatory and marked exhibit A. The amount of the check, $14, was the price stated in the sale which is now in contest.
 

 In the second interrogatory the plaintiff Was asked to state if it was not a fact that, on or about March 23, 1936, she joined the defendants as a co-lessor in the execution of an oil, gas and mineral lease, in favor of the Continental Oil Company, covering the tract of land described in her petition. A certified copy of the lease was annexed to the interrogatory and marked exhibit B.
 

 In the third interrogatory the plaintiff was asked to state if it was not a fact that she joined with the defendants in the execution of a correction of the lease to the Continental Oil Company, which correction was filed for record on January 15, 1937. A certified copy of the so-called correction instrument was annexed to the interrogatory and marked exhibit C.
 

 In the fourth interrogatory, the plaintiff was asked to state if it was not a fact that, early in the month of March, 1937, she accepted from the Continental Oil Company, one-half of the renewal money payable under the lease described in interrogatory No. 2, knowing at the time when she received the half of the renewal money that the other half was being paid to the defendants in this suit.
 

 The interrogatories were filed on November 17, 1937, and the order of the judge, .of that date, ordered the plaintiff to answer the interrogatories at 10 o’clock on the 30th day of that month. On that day, at the request of counsel for the plaintiff, in open court, the date fixed for answering the interrogatories was extended to December 6, 1937; and, on that day according' to the minutes of the court, the plaintiff filed the following objections to the interrogatories, viz.: First, that the facts sought to be elicited' by interroga
 
 *547
 
 tory No. 1 coaid be' ascertained from the plaintiff on the trial of the case; second, that interrogatory No. 2 was not pertinent or relevant, and would not be pertinent before the case would be on trial; third, that the information sought to be elicited by interrogatory No. 3 was not pertinent, and that the instrument referred to therein was a matter of public record, and that the intention which the parties to the instrument had, if pertinent to the issues in this case, might be elicited on the trial of the case; and fourth, that the facts sought to be elicited by interrogatory No. 4, concerning the receipt of a sum of money by the plaintiff from the Continental Oil Company, was not pertinent to any issue in this case.
 

 These objections to the interrogatories were overruled by the judge in open court on December 6, 1937; and, thereafter, on that date, the defendants waived their right to have the plaintiff answer the interrogatories in open court, and, in lieu thereof, the parties entered into the following agreement, which was entered on the minutes of the court, viz»:
 

 “It is agreed by and between plaintiff and defendants, herein represented by their attorneys of record,, that in lieu of answers to the propounded interrogatories on facts and articles, the following shall serve as the answers thereto, and that the taking of said answers in open court is waived by the defendants, provided that the answers shall have the same legal effect as if propounded and answered in open court.
 

 “Interrogatory No. 1. Plaintiff admits receipt from defendants of $14.00 by check, dated November 4, 1934, and issued by Atlee P. Steckler, one of the defendants herein, as described by photostatic copy annexed to and made a part of said interrogatory, and that she endorsed said check.
 

 “Interrogatory No. 2. Plaintiff admits that she signed the lease, photostatic copy of which is attached to defendant’s. interrogatory #2, marked Exhibit ‘B’.
 

 “Interrogatory No. 3. Plaintiff admits that she signed the correction instrument, certified copy of which is attached to defendants’ interrogatory #3, marked Exhibit ‘C.
 

 “Interrogatory No. 4. Plaintiff admits she accepted one-half (1/2) of the renewals from Continental Oil Co., payable under the lease described in Interrogatory #2, early in the month of March, 1937.”
 

 Eight days after these answers to the interrogatories were filed and entered on the minutes of the court, the defendants filed an exception of no cause of action, and, at the same time, filed a motion for dismissal of the plaintiff’s suit on the pleadings, and, in connection therewith, filed a plea of estoppel. The district judge sustained the exception of no cause of action and dismissed the plaintiff’s suit. She is appealing from the judgment.
 

 The theory of the defendants’ pleadings and of the judgment rendered thereon is that the plaintiff’s answers to the interrogatories on facts and articles became a part of her pleadings and constituted judicial admissions, which were not subject to explanation. In the reasons assigned by the
 
 *549
 
 district judge for the judgment which he rendered, he cites Walker v. Villavaso, 18 La.Ann. 712, 714; Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744; Wells v. Wells, 116 La. 1065, 41 So. 316; and Bywater v. Enderle, 175 La. 1098, 145 So. 118.
 

 The decisions cited do not go any further than to maintain that answers to interrogatories on facts and articles become a part of the pleadings and are not afterwards subject to contradiction or explanation by parol evidence in a case where the propounding of interrogatories on facts and articles is the only method by which the party propounding the interrogatories may establish his title. Article 2275 of the Civil Code provides that a verbal transfer of immovable property may be established by the method of propounding interrogatories on facts and articles to the party holding the written title. In such a case the answers to the interrogatories become a part of the pleadings and put an end to the case, one way or the other, for the simple reason that the party claiming a verbal title has no written evidence of his title, and parol evidence is not admissible. But, in cases where verbal testimony is admissible, and where, nevertheless, one of the parties to the suit propounds to the other party interrogatories on facts and articles, under the provisions of articles 347 to 356 of the Code of Practice, the answers to the interrogatories constitute only so much evidence in the case, and must be considered by the judge the same as other testimony, but do not exclude parol evidence. It is so declared in article 354 of the Code of Practice. In such cases it is more appropriate now for a party who wishes to probe the conscience of his adversary to call him to the witness . stand for interrogation, as if on cross-examination, under the provisions of Act No. 115 of 1934 (superseding Act No. 126 of 1908), than it is to resort to the method of propounding interrogatories on facts and articles, as provided for in articles 347 to 356 of the Code of Practice. It was so declared in the case of Joseph Scurto v. Santa Scurto LeBlanc, 191 La. 136, 184 So. 567, decided on October 31, 1938.
 

 In the first case cited by the judge of the district court in this case, namely, Walker v. Villavaso, supra, the declaration that answers to interrogatories on facts and articles formed a part of the pleadings was made merely to explain that either party could avail himself of the answers without formally introducing them in evidence. In each of the three other cases cited by the judge of the district court in this case, namely, Godwin v. Neustadtl, supra, Wells v. Wells, supra, and Bywater v. Enderle, supra, the reason why it was held that the answers to the interrogatories on facts and articles became a part of the pleadings, and were not afterwards subject to contradiction or explanation by parol evidence, was that, in each case, the party propounding the interrogatories was attempting to establish a verbal title to real estate, under the provisions of article 2275 of the Civil Code. Verbal testimony was not admissible to contradict or explain the answers to the interrogatories in those cases because the propounding of interrogatories on facts and articles was the only method by which the party propounding the
 
 *551
 
 interrogatories could establish his alleged title.
 

 Article 353 of the Code of Practice provides that a party answering interrogatories on facts and articles must simply admit or deny the fact inquired about and that he may then make such explanation as is necessary to his defense, provided the explanation is relevant to some issue in the case. There is no suggestion in this article that a party who answers interrogatories on facts and articles, in a case where verbal testimony is admissible in his behalf, is obliged to explain his answers at the time when he gives them, and is forbidden to explain them afterwards. Of course, in a case where the propounding of interrogatories on facts and articles is the only method by which the party propounding them may establish his title, as in the case provided for in article 2275 of the Civil Code, the party answering the interrogatories must make such explanation as is necessary for his defense at the time when he answers the interrogatories; but the reason for.that is that verbal testimony is not admissible and hence the party answering the interrogatories may have no opportunity thereafter to explain his answers. But that rule has no application to a case where verbal testimony is admissible in behalf of the party answering interrogatories on facts and articles.
 

 Even though it may be said that the plaintiff’s answers to the interrogatories on facts and articles, ;n this case, form a part of her pleadings, it must be borne in mind that judicial admissions made in a litigant’s pleadings must not be divided against him or her; they must be taken in connection with all other declarations made in' his or her pleadings. Rev. Civ. Code, art. 2291. That rule is applicable also to answers to interrogatories on facts and articles. Article 356 of the Code of Practice declares that a party wishing to avail himself of the admissions made by the adverse party in his answers to interrogatories on facts and articles must not divide the answers, or attempt to avail himself of any one answer separately and apart from the others. He must take them all together. Accordingly, the answers of the plaintiff in this case, to the interrogatories on facts and articles, must be taken, not as if they stood alone, but in their relation to the other allegations made by the plaintiff in her pleadings. In Berthole v. Mace, 5 Mart., O.S. 576, page 592, — a case in which parol evidence was admissible, — Justice Martin, for the court, said:
 

 “The defendant’s answer [s] to the interrogatories, if used at all, by either party, must b'e taken together, and cannot be divided.
 

 “He had a right to explain his answer [s], and add thereto such circumstances as might prevent his being entrapped by too general an answer to a too general interrogatory.”
 

 It is argued for the defendants in this case that, inasmuch as the plaintiff failed to answer the latter part of the fourth interrogatory, as to whether she knew at the time when she received the half of the renewal money that the
 
 *553
 
 other half was being paid to the defendants in this suit, the fact sought to be elicited by that part of the interrogatory must be taken as confessed. .That consequence might be of vital importance .in a case in which verbal testimony is not admissible; but it is not so in a'case where verbal testimony is admissible, as in this case. On that subject we quote from Behan v. Hite, 14 La. 67, 68, — which was a suit for the price of a slave, and in which suit verbal testimony was admissible,— thus:
 

 “It is true that, on the default of a party to answer interrogatories propounded to him, under the rules laid down in the Code of Practice, the interrogatories are to be taken for confessed.
 

 “But this does not give the party who wishes to avail himself of the confession, any other right than to make use of it as proof on the trial of the cause.”
 

 In Cusachs v. Dugue, 113 La. 261, 36 So. 960, which was an action' by a creditor to set aside a sale made' by his debtor, on the ground of simulation,' and in which suit, of course, verbal testimony was admissible, it was held that the failure of the defendant to answer interrogatories on facts and articles merely created a presumption, which might yield to evidence to the contrary.
 

 Our conclusion is that, inasmuch as this is' a' case in which parol evidence is admissible in support of the allegations in the plaintiff’s petition, the admissions which she made in her answers to the interrogatories on facts and article's did not put an end to the case.- Hence the exception of no cause of action, like the plea of estoppel and the motion of the defendants to have judgment rendered against the plaintiff on the pleadings, is not well founded.
 

 The judgment appealed from is annulled and the case is ordered remanded to the district court for further proceedings consistent with the opinion which we have rendered. The defendants are to pay the costs of this appeal. The liability for all other court costs is'to abide the final disposition of the case.