HAWTHORNE, Justice.
 

 Plaintiff, Mrs. Rose Catania Roccaforte, instituted this suit to have declared null, void, ineffective, and unenforceable an offer made by her to purchase certain real estate situated in the City of New Orleans and accepted by one of the defendants, Mrs. Sarah M. Olivieri Barbin, and for the return of the deposit of $800 made by plaintiff to certain real estate agents.
 

 Plaintiff’s suit was dismissed on an exception of no cause or right of action filed by Mr. and Mrs. Barbin, and from this judgment of dismissal she has appealed.
 

 The trial judge did not assign written reasons for judgment, and we do not know
 
 *38
 
 on what grounds he sustained the exception.
 

 Plaintiff’s petition alleged that on June
 
 28,
 
 '1944, she submitted in writing an offer, through certain real estate agents, to purchase property located at 820 Marigny Street, which offer was accepted by Mrs. Barbin, one of the defendants herein; that in connection with the offer and acceptance petitioner deposited with the real estate agents the sum of $800 in cash, which sum they still had in their possession.
 

 The petition further alleged that the offer and acceptance was null, void, and unenforceable as against petitioner for the reason that the property described in the offer and acceptance belonged to the community of acquets and gains existing between Mrs. Barbin and her husband, Jules A. Barbin, Sr., said property having been acquired in their joint names, and that the acceptance on the part of Mrs. Barbin was illegal and unenforceable because under the law of Louisiana the husband is the head and master of the community, and, as the husband did not accept petitioner’s offer, there was no sale made on behalf of the community, and that Mrs. Barbin’s acceptance of the offer without the authorization or intervention of her husband was not binding on petitioner.
 

 The written contract which petitioner seeks to have annulled and set aside is attached to, and made part of, her petition. It disclosed that under date of June 26, 1944, plaintiff agreed to purchase the property as per title through certain real estate agents in the City of New Orleans,, who were named therein, for the price of $8,000, $3,000 of the consideration to be paid in cash and “the balance credit, viz: Homestead, Mortgage or Bank Loan”.
 

 The contract further provided that the act of sale was to be passed before the purchaser’s notary within 60 days after the acceptance Thereof, and that, in the event the purchaser failed to comply with the agreement within the time specified, the seller would have the right to declare the deposit ipso facto forfeited without formality or without placing the purchaser in default, time being of the essence of the contract.
 

 This contract or offer to sell was accepted by the defendant herein, Mrs. Barbin, on June 27, 1944, and the time in which the act of sale was to be executed expired on or about August 27, 1944. Plaintiff instituted this suit on October 6, 1944.
 

 The petition in this case alleged that the property described in the contract belonged to the community existing between Mr. and Mrs. Barbin. This allegation for the purposes of this exception we must accept as true. The law is well settled that a wife cannot alienate property having that legal status without the authority and consent of her husband, who is head-and master of the community. Mrs. Barbin by her signature alone could not bind the com.munity to convey the property, and, even 1 hough she should execute a deed in com
 
 *39
 
 pliance with the contract, it would not convey title to the property without the written authority and consent of her husband.
 

 In Bywater v. Enderle, 175 La. 1098, 145 So. 118, 119, this court said:
 

 “Since the amendment to article 2334, R. C.C., by Act No. 186 of 1920, it is the law that, ‘when the title to community property stands in the name of the wife, it cannot be mortgaged or sold by the husband without her written authority or consent.’
 

 “But the reverse of this is not true. In such case neither can the wife herself mortgage or sell the property without the authority and consent of her husband, since he is still ‘head and master of the * * * community.’ R.C.C., art. 2404.”
 

 Under the allegations of the petition, the title to this property stood in the community of acquets and gains which existed between Mr. and Mrs. Barbin. Mrs. Barbin alone signed the contract, and her husband’s signature did not appear thereon.
 

 There is no allegation in the petition that Mrs. Barbin executed the contract as agent for, and on behalf of, the community, or that she was authorized to do so by her husband.
 

 The petition in this case having alleged that the property belonged to the community of acquets and gains existing between Mr. and Mrs. Barbin, and that the husband as head and master of the community had not accepted petitioner’s offer, and that Mrs. Barbin acted without the authority or, intervention of her husband, in our opinion the allegations set out a cause of action, and the judgment of the lower court sustaining the exception in this case was error and should be overruled.
 

 Mr. Barbin was also made a party defendant to this suit, and plaintiff alleged in her petition that her reason for making him a defendant was that he had employed an attorney to represent him in this matter, and that the attorney was contending that as to Mr. Barbin the offer and acceptance was legal, and that Barbin intended to seek enforcement of the contract.
 

 The attorneys for the defendants contended that these allegations showed a ratification on the part of Barbin of his wife’s acceptance of the offer, and removed all doubt of the authority of Mrs. Barbin to bind the community.
 

 We do not think that these allegations, standing alone, are sufficient to show affirmatively ratification so that plaintiff’s petition fails to disclose a cause of action. The question of ratification is one to be determined on the trial of the case on its merits. If it be true that the husband has ratified his wife’s action, then the question of whether such ratification was proper and in legal form and timely made can likewise be determined in the trial on the merits.
 

 Defendants further contended that Mr. Barbin was the only person who could
 
 *40
 
 complain or make objection as to Mrs. Bar-bin’s authority to sell property belonging to the community and cited in support thereof Articles 134 and 1791 of the Revised Civil Code.
 

 Under Article 134, proceedings to annul the acts of the wife for want of authority can be instituted only by the husband or wife or their heirs. Article 1791 provides in part that persons who have treated with a married woman cannot plead the nullity of the agreement if it is sought to be enforced by the party when the disability shall have ceased or by those who administer the rights of the person during disability.
 

 We do not think that either of these articles is applicable to the instant case, for the reason, that we are here dealing, according to the allegations of the petition, with community property. At the time these articles were written into the Code, they were applicable to the unauthorized contracts or acts of married women with reference to their separate and paraphernal property. The various acts of the Legislature emancipating married women have had the effect of rendering these articles inoperative in so far as they apply to married woman, for these acts have relieved married women of all their disabilities and incapacities which formerly attached to them as such, but these acts in no way affect the laws relating to the marital community.
 

 In the instant case we are not dealing with the disability or incapacity of a married woman as such, but are dealing simply with her authority to contract to convey property belonging to the community; The fact that Mrs. Barbin is a married woman is not the reason why she cannot contract alone to convey property belonging to the community. She has no authority to do so, because under the law her husband is the head and master of the community.
 

 For the reasons assigned, the judgment of the district court sustaining the exception of no cause or right of action is reversed and set aside, and it is ordered that this case be remanded to the lower court for trial on the merits in accordance with the views herein expressed. Costs of this appeal are to be paid by defendants-appellees; all other costs to await the final determination of this case.