This is a hypothecary action by Jules A. Coco against John Smith (and the heirs of Mrs. John Smith) in which plaintiff prays that a 36 acre tract of land standing in the name of the defendants be made subject to a judgment which plaintiff holds against H.P. Couvillon, who, so plaintiff alleges, formerly owned the property.
The defendants' answer set up a valid title in themselves and called the Cottonport Bank, their vendor, in warranty.
The Cottonport Bank answered, admitting that the Coco judgment was obtained against H.P. Couvillon in May, 1941, and that same was recorded, but alleged that Mrs. Couvillon and her husband (now deceased) executed an act of mortgage on the property, with homestead waiver, signed by both Mrs. Couvillon and her husband; that by foreclosure suit the Cottonport Bank became the owner of the property at sheriff's sale and transferred same by valid deed to defendant Smith. The bank's contention being that since the act of mortgage, on which it foreclosed, contained the waiver of homestead, same primed the judgment of plaintiff which was an ordinary judicial mortgage without waiver. In the alternative, the bank pleaded that in the event the Court should hold that its mortgage with homestead waiver was not a lien superior to plaintiff's recorded judgment and that the property was not community property, then that the 36 acres should be held to be the separate and paraphernal property of Mrs. Couvillon and not subject to the legal mortgage resulting from the recordation of plaintiff's judgment. *Page 740 
The District Court rendered judgment in favor of the plaintiff, from which the warrantor and some of the defendants have appealed.
The facts are not in serious dispute. At the time the property was deeded to Mrs. H.P. Couvillon (December 15, 1930) she was the wife of H.P. Couvillon. The consideration was partly cash and partly credit, and her husband signed the credit deed with her. There is no statement in the deed that the property was purchased with her separate and paraphernal funds. Counsel in briefs before this Court make no contention that the 36 acres was not community property and seem to have abandoned the alternative plea that plaintiff's judgment against, the husband did not affect the property because same was the separate and paraphernal property of his wife.
[1] Under the facts above stated, actual title to the property was vested in the community then existing between Mr. and Mrs. H.P. Couvillon, notwithstanding the fact that she alone was named as grantee in the deed. Article 2402, Revised Civil Code; First National Bank of Ville Platte v. Coreil et al., La. App., 145 So. 395.
This leaves for consideration as the pivotal points in the case whether or not the signing of the mortgage note by Mrs. Couvillon and the signing of the act of mortgage by both Mr. and Mrs. Couvillon, its recordation, and the subsequent foreclosure and sheriff's sale under the act of mortgage, had the effect of releasing this 36 acres of homestead property from the effect of the Coco judgment against the husband, H.P. Couvillon.
[2, 3] Under Louisiana law, the husband has the sole authority to bind the community and to execute a note and act of mortgage against community property (except in the rare cases where the wife, due to failure of her husband to provide necessities, may bind the community for the price of same). Article 2404, Revised Civil Code. The learned District Judge correctly found that the wife alone was without authority to grant a mortgage on community property.
We now consider the question as to whether or not the husband's acquiescence in the homestead waiver resulted in making the note a valid debt of the community and the mortgage a valid one against the 36 acres of community property. Warrantor has urged that, since the husband's signature appears on the act of mortgage, the community became bound for the obligation, even though he appeared for the restricted purpose of acquiescing in the homestead waiver. We find the law to be adverse to this contention.
In the case of First National Bank of Ville Platte v. Coreil et al., La. App., 145 So. 395, the plaintiff bank had a judgment in solido against J.R. and J.M. Coreil and seized on July 7, 1931, a certain lot of ground then standing in the name of Francis Coreil. The" record shows that on August 28, 1929, Mrs. J.M. Corcil purchased the property. In the act of sale the declaration was made that she was living with her husband at the time and that she was purchasing the property with her separate, paraphernal funds, but did not state that these funds were under her separate administration.
On the third day of July, 1931, Mrs. J M. Coreil sold the property to Francis Coreil without any declaration that she was authorized by her husband and without his signature to the deed. This vendee intervened in the bank's proceedings against the property, claiming ownership under the deed from Mrs. J.M. Coreil.
The Court noted that there was no declaration in the deed by which Mrs. J.M. Coreil acquired the property that her paraphernal funds were under her separate administration, nor was there any proof of that fact in the record. The Court held that the lot deeded to her became community property, and being a community asset, it was subject to tthe judicial mortgage of the bank resulting from registry of its judgment against her husband.
At the trial of the case, Mr. Coreil admitted that he had verbally consented to his wife's selling the property to Francis Coreil. However, the Court held that the deed by the wife to Francis Coreil could *Page 741 
not change the character of the community property deeded which remained encumbered with the recorded judicial mortgage of the Ville Platte bank.
The situation in the case before us is different from that which arose in the case of Norman Mayer Co. v. Montgomery,187 La. 374, 174 So. 880. There a mortgage was given by the wife and was also signed by the husband. The mortgage contained a waiver of homestead and after the waiver a clause reading:
" 'And now to these presents intervened Mrs. __________ herein duly authorized by her husband, who declared that she hereby joins her husband in the waiver of homestead exemptions hereinabove stipulated.' "
The husband's name was not filled in, in the blank space contained in the above quoted clause. Neither the husband nor wife lived on the premises. The opinion of the Supreme Court, holding that the husband's signature to the mortgage was not qualified and that the community was bound, noted:
"To give effect to defendants' contention that the husband signed the act of mortgage to waive the homestead rights, we would have to read a vain and useless stipulation into the act of mortgage. To construe the signature of Thomas W. Montgomery to the act of mortgage in the light of plaintiff's contention, that it was to authorize his wife or to waive the homestead rights, would be equivalent to giving the husband's signature a vain and useless meaning."
[4] A reading of the Montgomery decision indicates plainly that, had the situation been different, i. e., had the Montgomerys been living on the property and had Mr. Montgomery's name been filled in the space provided in the homestead waiver joining clause, his signature would have been considered a qualified one, for the sole purpose of joining in the homestead waiver, and the community would not have been bound. In the case before us, the Couvillon, family did reside upon the property at the time the mortgage was given and Mr. Couvillon's name was filled in at the proper place in the homestead waiver clause. We conclude then that Mr. Convillon's signature was for a qualified purpose and that he was not a party to the mortgage, and same was not valid against the community property.
Having found that the mortgage and note upon which the Cottonport Bank instituted the foreclosure suit was invalid as against the community which owned the property described in the sheriff's deed and purchased by the defendants in the suit before us, it follows that the property remained encumbered with the judicial mortgage in favor of Jules A. Coco which resulted in the recordation of his judgment against Mr. H.P. Couvillon. The judgment of the District Court holding that this judgment creditor had the right to enforce his judgment against this property was correct.
Warrantor in this Court does not contend that it should not be held liable in warranty in the event plaintiff's claim against the land is held valid.
The judgment appealed from is affirmed, with costs.