For the reasons assigned, the judgment appealed from is affirmed.

HAWTHORNE, J., absent.

69 So.2d 358

**DUCASSE v. MODICA.**

No. 41058.

Dec. 14, 1953.

William M. Campbell, Jr., and Harry R. Cabral, New Orleans, for plaintiff-appellant.

Stanley A. Baron, New Orleans, for defendant-appellee.

MOISE, Justice.

The plaintiff, Robert E. Ducasse, appeals devolutively from a judgment of the Civil District Court for the Parish of Orleans granting a preliminary injunction and then a permanent injunction. That injunction restrained and prohibited the Civil Sheriff for the Parish of Orleans and the plaintiff from proceeding any further under the writ of executory process issued herein and from seizing and selling the property claimed in these proceedings.

Executory process issued by virtue of a $3,000 note with 6% interest signed by Mrs. Lucy Modica, presently widow of Cosamo Mese, secured by a mortgage on property bearing Municipal No. 2709 Bienville St., New Orleans, La. At the time Mrs. Mese signed the note and gave the mortgage, Mr. Mese was confined to the Jackson Hospital and had been at that institution for some time.

A lawyer always takes the best possible view of his client's case, and it is not necessary to discuss in minute detail the evidence submitted or to answer the various contentions made.

In our opinion, the agreed statement of facts and the stipulation made is all that is required. The stipulation of facts reads:

"We are willing to admit that when the repairs were made to the premises on Bienville St. near Broad St., owned by her by virtue of this counter letter, Mr. and Mrs. Mese were living together, either actually or by virtue of the fact he was in the insane asylum at that time. We are willing to admit that the note was signed by her and the mortgage was signed by her, none of which is denied, and I think we can get along pretty near the whole case by stipulation and admissions.

"We are willing to admit that the building originally was a single residence, which was subdivided into a partly residential property, the front of which was converted into a commercial piece of property, used and operated by Mrs. Mese, all of which time she was still married to Mr. Mese, *and that it was community property,* that the proceeds from the operation of the business were used by and for the community. We are willing to admit all those things." (Italics ours.)

In the act of mortgage executed by Mrs. Lucy Modica to John J. Tessitore, a contractor who was to perform certain work on the property herein involved, we find the following statement pertaining to her marital status:

"Mrs. Lucy Modica Mese, of full age and a resident of New Orleans, Louisiana, who declared under oath that she had been married but once and then to

Cosamo Mese with whom she is living and residing."

Mrs. Mese stated in her testimony that Tessitore, the contractor, did not properly perform his work, and she did not want to pay him for it. The plaintiff must have secured the note in question from Tessitore through purchase. Therefore, the matter of substance for determination by this Court is: Did Mrs. Mese have the right to mortgage community property?

In the case of Bywater v. Enderle, 175 La. 1098, 145 So. 118, 119, it is stated:

"Since the amendment to Article 2334, R. [LSA] C.C., by Act No. 186 of 1920, it is the law that, 'when the title to community property stands in the name of the wife, it cannot be mortgaged or sold by the husband without her written authority or consent.'

"But the reverse of this is not true. In such case neither can the wife herself mortgage or sell the property without the authority and consent of her husband, since he is still 'head and master of the * * * community.' R. [LSA] C.C. Art. 2404."

We held in Roccaforte v. Barbin, 212 La. 69, 31 So.2d 521, 522, as follows:

" * * * The law is well settled that a wife cannot alienate property having that legal status without the authority and consent of her husband, who is head and master of the community. Mrs. Barbin by her signature alone could not bind the community to convey the property, and, even though she should execute a deed in compliance with the contract, it would not convey title to the property without the written authority and consent of her husband." See also Fernandez, Collector of Internal Revenue, v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116; Coco v. Smith, La.App., 36 So.2d 739.

The record does not disclose that Cosamo Mese was ever interdicted or that Mrs. Mese was empowered to make contracts with respect to the community in accordance with Article 132 of the LSA–Civil Code. Even though Mr. Mese was not living with Mrs. Mese at the time she entered into the mortgage contract, the separation was an involuntary one, and he was still considered in law as the head of the community. Therefore, the confession of judgment made by Mrs. Mese in the act of mortgage on the community property was invalid and could not fall within the provisions of Article 732 of the Code of Practice, and injunction was proper under Article 739 of the Code of Practice.

"The writ of preliminary injunction undoubtedly is in aid of the court's jurisdiction. * * *

"Much latitude must be given to the trial judge in determining whether a preliminary injunction should be issued, and his judgment will not be disturbed unless it clearly appears that he has abused the discretion vested in him.

After all, a preliminary injunction is only designed to preserve and protect rights or property pending a trial of the issues of the case on the merits." Twiggs v. Journeymen Barbers, Hairdresser, Cosmetologists and Proprietors International Union of America, Local 496 A.F.L., La.App., 58 So.2d 298, 301, writ of certiorari denied.

In Palama v. Livaudais, 179 La. 201, 153 So. 691, 692, this Court stated:

"The sole question at issue on the trial of the rule was whether or not a preliminary injunction should issue. It is the approved rule that the granting or refusing of a preliminary injunction is merely an interlocutory judgment designed to preserve the existing status pending a trial of the issues on the merits of the case, and therefore the question is one which is addressed to the sound discretion of the trial judge." See also Drew v. Town of Zwolle, 185 La. 867, 171 So. 59; Foscue v. Mitchell, 185 La. 963, 171 So. 91.

We are therefore of the opinion that the trial court acted within its jurisdiction in granting the restraining order which was a forerunner of the preliminary injunction. Since we have concluded that Mrs. Mese was without authority to mortgage the community property herein involved, it is not necessary to pass on the question of damages, the insufficiency of bond, and attorney's fees.

Our decision merely holds that Mrs. Mese could not encumber the community property. We did not pass on the question of her right to enter into a personal contract. LSA–R.S. 9:101, 9:102.

For the reasons assigned, the judgment of the lower court granting Mrs. Mese a permanent injunction restraining the sale of the premises located at 2709 Bienville St., New Orleans, La., is affirmed. Costs to be paid by plaintiff.

HAWTHORNE, J., concurs in the decree.

McCALEB, Justice (dissenting).

I am in accord with the majority view that the property herein foreclosed on was community property and that, therefore, the wife was without right to encumber it during the existence of the marriage. But these findings do not resolve the issue presented on this appeal. The issue is—does the wife, who has mortgaged community property standing in her name, have the right to enjoin the writ of executory process on the ground that she was without authority to bind the property for her debt? This question was squarely answered in the negative in Kremp v. Dorsey, 12 Orleans App. 266, a case involving a state of facts practically identical with those presented here.

Not only am I in agreement with the reasoning of the Kremp case but I also entertain a strong conviction that a married

woman, who has obtained money on the security of community property, should not be permitted to employ the equitable process of injunction for the purpose of defeating her creditor in a foreclosure proceeding on the ground that she was without authority to mortgage the property for her debt.

Furthermore, apart from any equitable considerations, it is clear that the mortgage is valid insofar as it affects the community interest of the wife as she acquired, upon the death of her husband, legal title to an undivided one-half interest in the property. Therefore, although she was without right to encumber the property during the existence of the community, the mortgage is nonetheless valid as to her present interest under the doctrine of after-acquired title.

I respectfully dissent.