### SAMUEL B. HOUGH *v.* JAMES J. VICKERS.

The plaintiff sued the defendant to recover back the price of a slave, upon the ground that he was addicted to running away. The defendant, in his answer, admitted the fact, but stated that he had so informed the plaintiff at the time of the sale. The plaintiff relied on the trial upon the admission in the defendant's answer. *Held:* The admissions of a party, in an answer, cannot be separated; if one be received, so must the others. C. C. 2270.

The sale of a slave cannot be annulled for the redhibitory vice of running away, where the vendor informed the purchaser of the vice at the time of the sale. C. C. 2498.

APPEAL from the District Court of Bienville, *Bullard*, J. *Morrison*, for plaintiff. *Roysdon* and *Spofford*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff sues to rescind the sale of a slave sold to him by the defendant, and for the recovery of the price, on the ground, that before and at the time of the sale, the slave was addicted to running away, to the knowledge of the vendor. The defendant answered that the plaintiff had no cause of action; because, before and at the time of the sale, he declared to him that the slave had been a runaway, and would be likely to run away, under certain treatment; and that the plaintiff was fully aware of the character of the slave.

No evidence was introduced to show that the slave was in the habit of running away before the sale; the plaintiff's counsel relying upon the defendant's admission of the fact in his answer, as proof of that fact. There was judgment for the defendant, and the plaintiff appealed.

The judicial admission made by the defendant, cannot be divided against him. C. C. 2270. The plaintiff having availed himself of it, as proof that the slave was an habitual runaway, it proves equally that the defendant declared that vice to him before the sale. The same fact also results from other evidence in the record. After proof of that declaration, the plaintiff's action cannot be maintained. C. C. 2498.

The judgment is therefore affirmed, with costs.