**No. 613**

**First Circuit**

**CAILLIER v. PROFITO**

(May 6, 1930. Opinion and Decree.)
(June 9, 1930. Rehearing Refused.)
(July 19, 1930. Writs of Certiorari and Review Granted by Supreme Court.)
(December 1, 1930. Judgment of the Court of Appeal Affirmed.)

Chas. T. Wortham, of Donaldsonville, attorney for plaintiff, appellant.

C. C. Weber, of Donaldsonville, attorney for defendant, appellee.

ELLIOTT, J. Ferdinand Caillier as sole heir of his father, Valsin Caillier, claims against Victor Profito in a petitory action a certain lot of ground situated in the parish of Ascension one and one-fourth miles below the town of Donaldsonville on the left bank of Bayou Lafourche, described in the title from Martial Capbern to Valsin Caillier, passed September 28, 1874, measuring 60 feet front on said bayou by a depth of 120 feet, bounded above and in the rear by lands of the present vendor, and below by lands of Leon Babin, together with all buildings and improvements thereon and thereunto belonging.

The title from Capbern to Valsin Caillier was recorded in the conveyance records on or about the time it was passed. There is no dispute about plaintiff being the sole heir of his father, and as such he appears to be the owner of all the right, title, and interest, which his father left, by inheritance. It is not claimed that his father ever parted with his title acquired from Capbern.

The plaintiff alleges that the defendant

Profito is in possession of said property without right or title thereto.

He alleges in article 6 of his petition that said Profito has sold and conveyed to the Texas & Pacific Railroad Company a large amount of dirt from said property, and in article 7, that said railroad company has, in pursuance of said agreement, removed and hauled away a large amount of dirt from said property.

He prays for judgment recognizing him to be the owner of said property, and, as such, entitled to the possession of the same. The plaintiff also prays for judgment against Profito and the railroad company in solido on account of the dirt taken, but he subsequently withdrew his demand against the railroad company, leaving his demand against Profito for the land, and also for the dirt removed.

The defendant Profito excepted to plaintiff's petition on the ground that it did not disclose any right or cause of action. But this exception was not pressed and we look on it as abandoned.

The defendant answered, and denied plaintiff's alleged ownership of the property. He admits plaintiff's averment, article 6, but denies that plaintiff has any interest whatever therein. He also admits plaintiff's averment in article 7, but denies that plaintiff has any interest therein. He sets up title to certain property, but he does not directly aver that the title which he pleads calls for the land described in the petition of the plaintiff. He does not pray to be recognized as the owner of the property, but prays that plaintiff's demand be rejected, and that his suit be dismissed.

Defendant subsequently urged, as an exception against plaintiff's demand, that he and his authors had been in the full and peaceable possession of the property claimed by plaintiff for a period of more than 10 years under title translative of property, and that he and his authors in title had been in the peaceable and physical possession of the property sued for, for a period of more than 30 years, pleaded the prescription of 10 and 30 years, prays that the prescription of 10 and 30 years be maintained, and that plaintiff's suit be dismissed at his cost.

As the prescription of 10 years requires possession and a just title as a basis therefor, it follows that plaintiff has set up title, and defendant has set up title to and possession of the land in question, although defendant does not pray for judgment recognizing him to be the owner.

The parties offered their titles in evidence. Parol testimony was offered on the question of identity and possession. The parol evidence does not show possession in either party, and does not indicate that the land in question is covered by the title set out in the answer of the defendant, and nothing in the title set up by defendant indicates that the land in question may be included therein.

We have considered the effect of defendant's answer, admitting averments Nos. 6 and 7 in plaintiff's petition, but at the same time denying that plaintiff has any interest in the property. This qualified denial does not do away with the admission that the ground from which Profito had sold the dirt is the identical ground called for by the title from Capbern to Valsin Caillier. Defendant's answer is in effect an admission that the dirt sold by defendant to the Texas & Pacific Railroad Company was the same which Capbern had sold to Caillier by title declared on by the plaintiff.

This judicial admission entitles the plaintiff to a judgment for the land, as prayed for.

There is no foundation for the prescriptions of 10 and 30 years pleaded by defendant. The lower court rejected plaintiff's demand. The judgment is erroneous, and must be set aside and rendered in favor of the plaintiff.

The parol evidence does not show the value of the dirt taken, but the plaintiff states in his brief that he will be satisfied with $80 on that account. We are satisfied from the agreement between the railroad company and Profito that dirt to the value of $80 has been sold from the land by Profito. Plaintiff's demand for damages to the extent of $80 is therefore established.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered and decreed that there be judgment in favor of the plaintiff, Ferdinand Caillier, and against the defendant, Victor Profito, recognizing Ferdinand Caillier as the owner of that certain lot of ground situated in the parish of Ascension, about 1¼ miles below the town of Donaldsonville on the left bank of Bayou Lafourche, described in the title from Martial Capbern to Valsin Caillier, passed September 28, 1874, measuring 60 feet on said bayou, and by a depth of 120 feet, bounded above and in the rear by the lands of the present vendor, and below, by the lands of Leon Babin, together with all the buildings and improvements thereon and thereunto belonging. And that said Caillier be placed in possession of the land called for by said title.

It is further ordered that said Caillier have judgment against said Profito for $80, with legal interest thereon from June 26, 1929, until paid; the defendant Profito to pay the cost in both courts.

LeBLANC, J. (dissenting). The judgment in the lower court was one of nonsuit, based on insufficiency of evidence to properly identify the property claimed by the plaintiff. The majority opinion of this court holds that the evidence does not show possession in either party nor "does it indicate that the land in question is covered by the title set out in the answer of the defendant." This the defendant was not called on to do, but the plaintiff had to, as it is almost too elementary to have to be stated here, that, in a petitory action, the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary.

The decision of this court as it now stands is in effect a judgment on the face of the papers based on admissions made in articles 6 and 7 of the defendant's answer. There was no rule for judgment on the pleadings in the lower court, nor was that issue presented before this court either in oral argument or in brief. Conceding, however, that it is proper for the court to consider the question, I am of the opinion that these so-called admissions do not have the effect given to them in the majority opinion. They are admissions of fact, alleged by the plaintiff that the defendant sold dirt from the land claimed to the Texas & Pacific Railway Company, and that the railway company removed the dirt, but, in each, it is specifically denied that the plaintiff had any interest therein.

I am unable to agree that, by his pleading in these articles of his answer, the defendant has admitted title in plaintiff to the property sought to be recovered by him, and I therefore respectfully dissent.