The judgment appealed from is therefore affirmed.

(131 So. 851)

CAILLIER v. PROFITO.

In re PROFITO.

No. 30802.

Dec. 1, 1930.

Rehearing Denied Jan. 5, 1931.

C. C. Weber, of Donaldsonville, for applicant.

Charles T. Wortham, of Donaldsonville, for respondent.

ST. PAUL, J.

This is an action to recover from the defendant a certain tract of land or lot of ground situated in the parish of Ascension, on the left descending bank of Bayou Lafourche, about one mile below Donaldsonville, measuring 60 feet front on Bayou Lafourche by a depth of 120 feet between parallel lines; bounded above and in the rear by property formerly belonging to Martial Capbern, now to Victor Profito, and below by property formerly belonging to Louis Babin, now to Tony Latino.

Also for the value of dirt taken from said land by defendant and sold to the Texas & Pacific Railway Company.

The facts of the case are these: On September 7, 1846, Martial Capbern purchased from Jean Jacques Roman a certain tract of land situated on the left bank of Bayou Lafourche, about one mile below the town of Donaldsonville measuring one and one-third arpents (about 258 feet) front on said Bayou by about 40 arpents in depth, bounded above by lands once belonging to Gabriel Winter and later to J. T. Nolan, and below by lands once belonging to Louis Babin and afterwards to Leon Babin.

On September 28, 1874, Martial Capbern sold to Valsin Caillier, whose sole heir is plaintiff, the lot in controversy; which, by the description first given above, will be found to have been taken from the front and lower side of his original tract.

On October 8, 1877, Martial Capbern sold the rest of said tract to Gotliep Seifret.

Some time in the year 1892 the levee on Bayou Lafourche was moved back so as to take up the whole of plaintiff's property. From then on the land was covered by the levee and in the possession of the public. About the year 1903 Bayou Lafourche was locked off and the levees became unnecessary and were abandoned. Thereupon the adjoining proprietors began to take possession of the land formerly occupied by the levees, and that is the way the defendant Profito came into possession of the lot in controversy, for in the meanwhile Profito had acquired a deed to the lower half of the old Capbern tract.

### I.

■ We are satisfied that there can be no difficulty in identifying the lot in controversy. It lies on the lower part of the original Capbern tract adjoining the lands formerly belonging to Babin and now belonging to Tony Latino. It measures 60 feet front on the bank of the bayou, at the water's edge, and 120 feet in depth; and there is and can be no doubt whatever of plaintiff's title thereto.

■ Nor do we think that defendant's pleas of prescription are good. The prescription of 30 years is not good because the possession could not have commenced until the levees were abandoned in 1903, which is less than 30 years before the commencement of this suit.

■ And, as to the prescription of 10 years, the only link in defendant's title which is

more than ten years old is the original deed from Capbern to Seifret in 1877, which expressly excluded the lot sold to plaintiff's father. Hence Seifret could not have acquired by the prescription of ten years. The next deed in point of time is the sale to one of the heirs of Seifret by his coheirs in 1922, which is less than ten years before the filing of this suit.

### II.

■ We think the plaintiff has also proved with sufficient certainty the value of the dirt taken from the land and sold to the railway company. The evidence shows that Profito received from the company $256 for all the dirt taken from a portion of the land, including this lot, measuring about 128 feet by about 178 feet; and since the area of this lot was only a little less than one-third of the whole, we believe that the allowance of $80 made by the Court of Appeal was correct.

### Decree.

The judgment of the Court of Appeal (128 So. 207) is therefore affirmed.