No. 785

First Circuit

HAAS ET AL. v. WHATLEY ET AL.

(June 16, 1931. Opinion and Decree.)

O. E. Guillory and E. H. Guillory, of Ville Platte, attorneys for plaintiffs, appellants.

J. H. Dore, of Ville Platte, attorney for defendants, appellees.

LeBLANC, J. This is a suit for trespass in which the plaintiffs seek to recover damages for the value of certain hardwood timber which they allege was cut and removed by Willis Whatley and his son, Wallace, from an 80-acre tract of land, described as being situated in section 39, township 2 S., range 1 east, Louisiana meridian, in the parish of Evangeline. They set out a title to the property described, through the estate of the late Samuel Haas and wife, and aver that Samuel Haas had acquired the same from Willis Whatley and others, on December 5, 1900, by notarial act of sale duly recorded in the conveyance records of St. Landry parish. Alleging that the defendants were in knowing bad faith, in going upon their land and cutting and removing the timber therefrom, their demand is for the net value of the timber manufactured into lumber, which they aver is $733.63.

The defense to the action is that the plaintiffs have mistaken the property which they allege to have been acquired by the late Samuel Haas from Willis Whatley and others, and it is especially set out in answer that the property referred to in article 2 of plaintiffs' petition as being located in section 39 is really situated in section 26 of township 2 S., R. 1 east, and is the NW¼ of said section, township, and range. The trespass is, of course, denied.

In article 7 of the answer, it is alleged that respondent Willis Whatley has been in possession, as owner, of the tract of land described in article 1 of plaintiffs'

petition, wherein it is alleged that the land is situated in section 39 of the township and range referred to. This declaration on the part of Willis Whatley forms the basis of a plea of estoppel filed by the plaintiffs, who now contend that he, at least, cannot be heard to say that the property is in section 26 and not in section 39. The allegations of the answer, in this connection, do appear a bit contradictory, and tend to cause a bit of confusion. The substance of the answer, when considered as a whole, however, is to show that the plaintiffs have mistaken the property they claim title to. Article 1 contains a flat denial of article 1 of the petition, which includes, among others, the averment that the land is in section 39; and in article 2 of the answer the allegation is specifically made that the land is situated in section 26. If it is in section 26, it cannot possibly be in section 39, and no averment or declaration made by either of the defendants can make it so, and testimony was properly admitted by the court in an endeavor to properly locate it. We hold, therefore, that there is no estoppel against the defendant Willis Whatley.

The lower court was of the opinion that the plaintiffs had failed to identify the property included in the title they rested on as being the same on which the alleged trespass had been committed, and rendered judgment dismissing their suit. This appeal comes before us from that judgment.

There are two abstracts of title filed in the record; one covering a tract of land purported to be in section 39 and the other a tract supposedly in section 26. The descriptions in the numerous acts of conveyance included in both these abstracts are very indefinite, and from these alone it would hardly be possible, we believe, to arrive at the exact location of the properties sought to be conveyed. All references made to sections are found under the heading: "Abstractor's Remarks," wherein it is stated that the property is identified as being in a certain section. Of course, the abstract submitted by plaintiffs contains the remarks that the property is identified as being in section 39, and that furnished by defendants has the abstractor's remarks identifying the properties described as being in section 26. That being so, it is necessary to resort to other testimony to try and ascertain whether the plaintiffs, who are held to the burden of proof, have shown that the property alleged to have been depredated is really in section 39, and is the one covered by their title. This we do not think they have done. The evidence shows that the property acquired by Samuel Haas from Willis Whatley and others came to the latter by inheritance from their mother, Sarah Jane Whatley. The public conveyance records show that she never owned any but this one tract of land, and that it was improved property, with buildings, etc., on it, and about two-thirds under cultivation. The testimony of several witnesses who lived in the neighborhood and were familiar with the properties and that township sections place it in section 26. The land on which the timber was cut and removed, on the other hand, is referred to as timber land. Willis Whatley has been in possession, without disturbance, for fifteen years or more. He built a barn and buildings on it; has about twenty acres in one field and fifteen under fence. Several years before he had cut and removed timber from it, and his rights had never been questioned until about a year before, when he was told that the plaintiffs were claiming the property. It is true, he was unable to pro-

duce a recorded title, but we believe that his acts of ownership and possession, unmolested by these plaintiffs during all these years, tends to weaken their pretensions that that is the property conveyed under the title on which they rely.

The district judge seems not to have hesitated in reaching the conclusion he did, as he rendered judgment on the same day on which the case was submitted. We think that he was justified, under the showing made, in holding that the plaintiffs had failed to identify the property claimed under the title they produced, and his judgment dismissing their suit is affirmed.