HARDY, Judge.
This is a petitory action instituted by plaintiffs in response to a judgment in an action of jactitation previously brought by this defendant. After trial there was judgment in favor of defendant recognizing him to be the owner of the property in dispute, from which plaintiffs have appealed.
These plaintiffs, Fannie Sykes Parker, Azzie Mae Parker and 'Gladys Mae Parker, the widow and two children and heirs respectively of Charles Parker, who died December 27, 1928, alleged themselves to be the true and lawful owners of a ten acre tract of land described as being:
Northwest Quarter of Northeast Quarter of Northwest Quarter, Section 31, Township 20 North, Range 9 West, Webster Parish, Louisiana.
Plaintiffs’ decedent, Charles Parker, acquired the above property by deed from Frank Allums, Sr., dated November 30, 1906.
• Defendant also claims title to the property involved by deraignment from the common author, Frank Allums, defendant’s deed being dated April 13, 1938.
By petition filed September 18, 1952, J. Ben Allums brought an action in jactitation, naming as defendants Fannie Sykes Parker, Azzie Mae Parker and Gladie Mae Parker, pursuant to which judgment by default was rendered on January 20, 1953, against the said named plaintiffs, requiring that they institute suit in revendication of their rights within sixty days after finality of said judgment. Responsive to said judgment plaintiffs filed this petitory action.
In his written opinion the district judge set forth his reason for judgment in favor of defendant as follows:
“In other words, Allums bases his title on the prescription of ten years under Article 3478 of the Civil Code, in that he had a deed translative of title and possessed the land thereunder for a period in excess of ten years. In this connection, it is his contention that the prior deed of Parker to the property, in dispute, was in error as to the description, insofar as it included the ten (10) acres in dispute herein. I am of the opinion that the contentions of Allums were borne out by the evidence in the case, except as to the one acre, which admittedly was never occupied or possessed by Allums, but, to the contrary, has been possessed by the Parkers as a home.”
In accordance with the reason expressed judgment was rendered decreeing defendant to be the owner of the ten acre tract described, less and except a one acre tract in the northeast corner thereof which was particularly described in the judgment.
We have found no difficulty in reaching the conclusion that the district judge was in error in sustaining a plea of prescription in behalf of defendant. Careful examination of the record and the minutes discloses that defendant has never tendered any plea of prescription and the *130 only reference to possession for any period of time is found in the following recital in Article 7 of defendant’s answer:
“* * * appearer shows that he has been in possession of said lands since acquiring said title on April 13, 1938, until March or April of 1952, when appearer’s possession of , said land was disturbed by petitioner; * *
. It is well settled that prescription must be expressly and specially pleaded and cannot be supplied by the court. Succession of Thompson, 191 La. 480, 186 So. 1; Smith v. Jones, La.App., 8 So.2d 352; Bell v. Dewitt, La.App., 27 So.2d 924; State ex rel. Richardson v. Board of Trustees, La.App., 29 So.2d 489.
With reference to the misdescription of the property, while it is true that there is some very vague and uncertain evidence in the record relating to some possible error of description, such evidence would be woefully insufficient for the purpose of justifying a correction. Any discussion or consideration of this point is rendered totally irrelevant and unnecessary by the fact that defendant has asserted no demand for a correction or reformation.
It is indisputable on the face of the record that plaintiffs have established a prior title emanating from a common author which antedated defendant’s record title by some thirty-two years, and, under this circumstance, there can be no question as to plaintiffs’ right to relief.
For the reasons set forth the judgment appealed from is annulled, set aside and reversed, and there is now judgment in favor of plaintiffs, Fannie Sykes Parker, Azzie Mae Parker and Gladys Mae Parker, decreeing them to be the owners of that certain tract of land described as being:
Northwest Quarter of Northeast Quarter of Northwest Quarter, Section .31, Township 20 North, Range 9 West, Webster Parish, Louisiana*,
and as such entitled to the full and undisturbed possession thereof.
Costs of both courts are taxed against defendant-appellee.