144 So.2d 196 (1962)
John L. BURT
v.
Moore VALOIS.
No. 5603.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
Rehearing Denied September 25, 1962.
*198 Talbot, LeSueur & Talbot, by Leon J. LeSueur, Napoleonville, for appellant.
Kennon, White & Odom, by John S. White, Jr., Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
This matter emanated as an action in jactitation or slander of title by John L. Burt against Moore Valois involving a strip of batture land situated on the right descending bank of Bayou Lafourche approximately one and one quarter miles North of the Town of Napoleonville, Assumption Parish, Louisiana. The land in dispute consists of a narrow strip measuring approximately 2647 feet front along State Highway Number One bounded West by said highway, East by Bayou Lafourche, North by property of Nick Rivet and South by lands of Harvey C. Blanchard.
Valois excepted to Burt's initial petition on the ground that the latter lacked sufficient possession to maintain the jactitory action and at the same time answered and alternatively alleged ownership of subject property by the following chain of title:
1. Act of sale from Theophile P. Talbot to Joseph (Josiah) Wheeler dated March 10, 1929, and recorded in the Conveyance Records of the Parish of Assumption in C. B. 64 at page 260 under Entry No. 4366, prior to the execution of which sale the chain of title to both parties was identical.
2. Judgment of Possession rendered by this Honorable Court on May 28, 1942, in the matter entitled "Succession of Josiah Wheeler", No. 2278, recognizing Mrs. Willie Baber Wheeler as widow in community and universal legatee of the decedent.
3. Act of cash sale from Mrs. Willie Baber Wheeler to Moore Valois dated June *199 10, 1959, and recorded in the Conveyance Records of the Parish of Assumption in C. B. 91 at page 194 under Entry No. 53132.
The action of Valois in asserting ownership of the property in controversy having the effect of converting the suit into a petitory action with Valois the plaintiff therein, Burt excepted to the converted demand of Valois as stating no cause of action and also filed answer thereto claiming ownership of subject property by virtue of a sale from Mrs. Willie Baber Wheeler dated May 10, 1942. Alternatively, Burt's answer to the converted demand alleges Burt's possession of the property continuously since its acquisition in 1942 and predicated upon such alleged possession (together with the alleged possession of his ancestors in title) ownership is asserted to be in Burt by virtue of expressly plead acquisitive prescription of 10 and 30 years.
At the outset of the trial in the court below, it was agreed and stipulated between counsel that all exceptions were abandoned. By mutual consent of counsel it was further stipulated that the suit was converted into a petitory action with Moore Valois (the original defendant) in the role of plaintiff and John L. Burt (plaintiff in the initial jactitation suit) in the capacity of defendant. Accordingly, the parties Valois and Burt shall henceforth be herein referred to and designated as plaintiff and defendant, respectively.
After trial on the merits the court below found that plaintiff failed to establish an apparently valid title in himself and dismissed plaintiff's petitory action as of nonsuit. Plaintiff has appealed and defendant has answered the appeal praying that the judgment of the trial court be affirmed but amended to dismiss plaintiff's petitory action with prejudice.
Plaintiff having converted this jactitation suit into a petitory action must rely upon the strength of his own title and not upon the weakness of defendant's title. Also appropos the case at bar is the well established principles that in a petitory action the Courts will not inquire into the strength or weakness of defendant's title until plaintiff has discharged the burden of establishing an apparently valid title in himself. Article 44, Code of Practice; Thomas & Bullis v. Stricker Land & Timber Company, Inc., 181 La. 784, 160 So. 413; Cook v. Martin, 188 La. 1063, 178 So. 881; Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321.
Appellant contends the learned trial court erred in concluding that appellant failed to establish apparently valid title to subject property for the reason that defendant in answering plaintiff's converted petitory action admitted the validity of plaintiff's title and ownership as well as that of plaintiff's author in title thereby obviating the need for proof thereof. Stated otherwise, plaintiff argues that defendant's admission of plaintiff's asserted title and ownership of the property in dispute relieved plaintiff of the burden of establishing apparently valid title and considering defendant's admission the court should have inquired into the validity of defendant's title. Predicated upon the foregoing argument, it is the position of appellant that the trial court erred in declining to consider the merits of defendant's claim of title and improperly rejected plaintiff's demand. Additionally, appellant contends the trial court committed procedural error in admitting evidence of defendant's title over appellant's objection for the reason that defendant having judicially admitted plaintiff's title was estopped to deny same therefore, no evidence was admissible on said issue under the pleadings herein. Finally, appellant contends the trial court erred in concluding defendant's title to be superior to appellant's and further erred in refusing to decree plaintiff owner of the property involved in this controversy.
The record herein reveals that by act of sale dated May 10, 1942 and duly recorded in the conveyance records of Assumption Parish, Mrs. Willie Baber Wheeler sold to *200 defendant-appellee John L. Burt the following described property:
"A certain tract of land situated in the Parish of Assumption, State of Louisiana, at about one and one-quarter miles north of the Town of Napoleonville, and described as follows, to-wit:
"Beginning at a corner, on the public road which is the northeast corner of a tract of land this day sold by Chas. J. Blanchard to Mrs. Ivy May Landry Walter et als, which corner is 145 feet west from Bayou Lafourche and north 27¼° degrees East, 686, (sic) feet; thence N. 24° E. 163 ft; thence N. 13½° E. 428 ft; thence N. 26½ E. 858 ft; thence 25¾° E. 517 ft; to corner on Public Road 235 ft; West from Bayou Lafourche; thence N. 69½ degrees W. 2209 ft; thence N. 20½° E. 191 ft; thence N. 69½° degrees W. 600 ft. to East side of Canal; thence S. 39° W. along East side of Canal 950 ft. to corner on North line of Lot I of Section 19, twp. 13 S.R. 14 East; thence N. 69½° W. 3260 feet to west side of Canal, thence along the west side of said Canal South 62¼° W. 2630 feet; thence S. 69½° E. 7890 ft. to place of beginning, containing three hundred and sixty four and 1/100 (364.01) acres, bounded East by Bayou Lafourche, West by west Bank of Tete Canal, North by small tracts and lands of Jeff. Bradly and lands of A. L. Talbot, formerly Chas. Boudreaux Co. Ltd. South by the tract of land this day sold to (sic) Chas. J. Blanchard to Mrs. Ivy May Landry Walter et als, said tract being situated in part of Section 20, all of Lots I and 2 of Section 19 and part of Section 17 and part of the Spanish Road, all in T. 13 S.R. 14 E. all as shown by a plat of survey made by J. C. Waties (sic) C. E. dated Feb. 1929, certified copy of which is attached hereto for greater certainty of details and descriptions; together with all rights, ways, privileges, servitudes and appurtenances thereon and thereto belonging; together with all buildings and improvements, growing crops, agricultural implements and live stock without exception or reserve." (Emphasis supplied.)
From the foregoing description it is obvious that a discrepancy exists with respect to the eastern boundary of the property sought to be conveyed from Mrs. Wheeler to defendant by the hereinabove mentioned deed. It will be noted that whereas the calls indicate the eastern boundary of the tract lies west of Bayou Lafourche, the description subsequently states in unmistakable language that the property is bounded on the east by Bayou Lafourche. Although the plat of survey made by J. C. Waites, C. E., dated February, 1929, alluded to in the deed to Burt is not, according to the record, attached to the deed in question, nevertheless a copy of said survey (marked Burt-4 for identification) appears of record herein and shows that the batture fronting the property conveyed from Mrs. Wheeler to Burt was not surveyed. The aforesaid map and deed clearly indicate that all calls used in the description refer to points west of a public road running along the west bank of Bayou Lafourche. The map in question reveals no readings or measurements of the batture and neither does it purport to disclose the acreage contained in the batture in question herein. The above quoted description in the sale to Burt recites that a total of 346.01 acres of land were conveyed which quantity is the amount of land shown by the Waites survey to be situated west of the public highway appearing on the map.
The source of Mrs. Wheeler's title was her husband, Joseph (Josiah) Wheeler who, on March 7, 1929, acquired property from Theophile P. Talbot pursuant to the following description:
"A certain tract of land situated in the Parish of Assumption, State of Louisiana, at about one and one-quarter miles north of the town of Napoleonville *201 and described as follows, to-wit:
"Beginning at a corner on the public road which is the northeast corner of a tract of land this day sold by Chas. J. Blanchard to Mrs. Ivy May Landry Walter et als, which corner is 145 feet west from Bayou Lafourche and north 27¼ degrees East 686 feet, thence north 24 degrees East 163 feet; thence north 13½ degrees East, 428 feet; thence north 26½ degrees East 858 feet, thence 25¾ degrees East, 512 feet to corner on Public Road, 235 feet, West from Bayou Lafourche, thence north 69½ degrees West 2209 feet; thence north 20½ degrees East, 191 feet; thence north 69½ degrees West, 600 feet to East side of Canal; thence South 39 degrees West along East side of Canal 950 feet to corner on north line of Lot I of Section 19, Twp. 13, S.R. 14 East, thence north 69½ degrees West, 3260 feet to west side of Canal, thence along the west side of said Canal South 62¼ degrees West 2630 feet; thence South 69½ degrees East 789 feet to place of beginning, containing THREE HUNDRED AND SIXTY-FOUR AND 01/100 ($364.01) (sic) Acres, bounded East by Bayou Lafourche, West by West Bank of Tete Canal, North by small tracts and lands of Jeff. Bradley and lands of A. L. Talbot, formerly Chas. Boudreaux Co. Ltd., South by the tract of land this day sold by Chas. J. Blanchard to Mrs. Ivay (sic) May Landry Walter et als, said tract being situated in part of Section 20, all of Lots 1 and 2 of Section 19, and part of Section 17 and part of the Spanish Road, all as shown by a plat of survey made by J. C. Waties (sic), C. E. dated February 1929, blue print of which is hereto attached for a greater certainty of details and descriptions. (Emphasis supplied)
"It being the intention of the said Theophile P. Talbot to sell to the purchaser herein, the land that was mortgaged by him to the Federal Land Bank of New Orleans on December 15th. 1923 for the sum of Ten Thousand Dollars, and said vendor declared that the above described land is the land so mortgaged by him to said Federal Land Bank of New Orleans, whether same is correctly described in said act of mortgage or not. And the said purchaser herein recognizes and acknowledges that the above described land is the land covered by said mortgage in favor of said Federal Land Bank of New Orleans, executed by said vendor on December 15th. 1923."
By judgment dated May 28, 1942, defendant's author in title, Willie Baber Wheeler, was recognized as surviving widow in community and legatee of her deceased husband, Josiah Wheeler, and as such, recognized as owner and sent and placed in possession, inter alia, of the following described property belonging to said decedent.
"A certain tract of land situated in the Parish of Assumption, State of Louisiana, at about one and one quarter miles north of the Town of Napoleonville, and described as follows: Beginning at a corner, on the public road which is the North East corner of a tract of land sold by Chas. J. Blanchard to Mrs. Ivy Mae Landry Walter Et als, which corner is 145 feet west from Bayou Lafourche and North 27¼ degrees East 686 feet; thence North 24 degrees East 163 feet; thence North 13½ degrees East, 428 feet; thence North 26½ degrees East 858 feet; thence 24¾ degrees East 512 feet to corner on public road, 235 feet West from Bayou Lafourche; thence North 69½ degrees, West 2209 feet; thence North 20½ degrees, East 191 feet; thence North 69½ degrees West 600 feet to East side of Canal; thence South 39 degrees West along East side of Canal 950 ft. to corner on North line of Lot 1 of Section 19 T. 13 SR 14 E.; thence North 69½ degrees West 3260 *202 feet to West side of Canal; thence along the West side of said Canal soth (sic) 62¼ degrees, West 2630 feet; thence South 62½ degrees East 789 feet to place of beginning containing 364.01 acres, bounded East by Bayou Lafourche, West by West Bank of Tete Canal, North by small tracts of land of Jeff Bradley and A. L. Talbot, formerly Chas. Boudreaux Co. Ltd., South by tract of land sold by Chas. J. Blanchard to Mrs. Ivy Mae Landry Walter Et Al; said tract being situated in part of Section 20, all of lots one and two of Section 19 and part of Section 17 and part of the Spanish Road, all as shown by a plat of survey made by J. C. Waites, Civil Engineer, dated Feb., 1939, blue print of which is attached to act of mortgage of Federal Land Bank of New Orleans; for a greater certainty of details and description; together with all buildings and improvements thereon and thereto belonging and appertaining.
"It being the same property acquired by Josiah Wheeler from T. P. Talbot by sale dated the 17th of March, 1929, and duly recorded in the Conveyance Office of this Parish in Conveyance Book No. 64 Page 260." (Emphasis supplied)
It will be readily noted that the description contained in the deed from Talbot to Josiah Wheeler, the judgment of possession rendered in Wheeler's succession and the conveyance from Mrs. Wheeler to Burt are, with certain exceptions hereinafter set forth, for all practical purposes identical.
First, it will be observed that in the conveyance from Talbot to Wheeler the description of the property conveyed is followed by a paragraph stating that the property thereby intended to be transferred is the same as that mortgaged by Wheeler to the Federal Land Bank on December 15, 1923. Reference to the mortgage alluded to (a certified copy of which appears in the record) discloses that the property therein conveyed is described as follows:
"A certain tract of land, situated in the Parish of Assumption, State of Louisiana on the West descending Bank of Bayou Lafourche, at about 3 miles above the town of Napoleonville, containing 363.43 acres, more or less, and is bounded by lands of Marquette Bros. and land of Aubert L. Talbot in the rear by lands of Aubert L. Talbot, below by land this day sold to Chas. J. Blanchard, and in front of Bayou Lafourche; together with all the buildings and improvements thereon and thereto belonging.
"Said tract of land being composed of a portion of section 17 and all of section 19, all in township 13, south range 14 East."
In addition it will be observed that the description in the judgment of possession recognizing Mrs. Wheeler as the surviving widow in community and heir of her husband is followed by the recitation that the property of which she is recognized as owner is the same as that acquired by her husband from Talbot.
The deed from Mrs. Wheeler to defendant Burt, after setting forth the description of the property as hereinabove set forth, proceeds to state the purchase price thereof to be $20,250.00 of which amount the purchaser paid $7,500.00 cash and for the balance of $12,250.00 the purchaser executed two notes for $2,390.00 each and assumed the balance of $7,970.00 due on the mortgage granted by Theophile P. Talbot to the Federal Land Bank of New Orleans which said balance had been previously assumed by the vendress Mrs. Wheeler. Following said recitation the deed from Mrs. Wheeler to defendant Burt stipulates as follows:
"The property described above being the same property acquired by vendress herein as surviving spouse and universal legatee of Josiah Wheeler by virtue *203 of a judgment placing her in possession dated May 28, 1942, and duly recorded in C.B. ___ Page ___ of the records of this Parish."
The deed from Mrs. Wheeler to plaintiff, described the property conveyed in the following terms:
"A certain tract of land situated in the Parish of Assumption, State of Louisiana, on the right descending bank of Bayou Lafourche at about one and one-quarter miles north of the Town of Napoleonville, measuring two thousand six hundred and forty seven (2,647) feet front, more or less, on Louisiana Highway No. 1 by a depth between parallel lines to the water's edge of Bayou Lafourche, bounded as follows: In front by Louisiana Highway No. 1, above by property of Nick Rivet, now or formerly, below by property of Harvey C. Blanchard, now or formerly, and in the rear by Bayou Lafourche.
"The herein conveyed property is the levee or batture portion of the same property acquired by Josiah Wheeler from Theophile P. Talbot by act of sale dated March 10, 1929, recorded in the Conveyance Records of the Parish of Assumption in C.B. 64 at page 260 and is a portion of the same property acquired by vendress as widow in community and universal legatee of the said Josiah Wheeler having been recognized as such by Judgment of Possession rendered by the Twenty-third Judicial District Court for the Parish of Assumption in the matter entitled `Succession of Josiah Wheeler', No. 2278 of the Probate Docket of said Court, which judgment is dated May 28, 1942, and is recorded in C.B. 74 at page 623 of the Conveyance Records of the Parish of Assumption."
It is obvious, therefore, that both plaintiff and defendant deraign their title from an immediate common author, namely, Mrs. Wheeler. Also patent upon the face of the record is the fact that defendant's deed antedates that of plaintiff from a common source.
Appellant's contention that appellee's admission of appellant's title and ownership estopped appellee from questioning appellant's title and relieved appellant of the burden of proving an apparently valid title is based on Articles 7, 8, 9 and 10 of plaintiff's converted action and defendant's replication thereto in Articles 1, 2 3 and 4 of defendant's answer to plaintiff's converted action all of which said articles are set forth in full as follows:
"7.
"Defendant Moore Valois, is the true and lawful owner of the following described property, to-wit:
"`A certain tract of land situated in the Parish of Assumption, State of Louisiana, on the right descending bank of Bayou Lafourche at about one and one-quarter miles north of the Town of Napoleonville, measuring two thousand six hundred and forty-seven (2,647') feet front, more or less, on Louisiana Highway No. 1 by a depth between parallel lines of the water's edge of Bayou Lafourche, bounded as follows: In front by Louisiana Highway No. 1, above by property of Nick Rivet, now or formerly, below by property of Harvey C. Blanchard, now or formerly, and in the rear by Bayou Lafourche.'
"8.
"Defendant, as plaintiff in the converted action, shows that the property described in Article 7 hereof (together with other lands, was acquired from Theophile P. Talbot by Joseph (Josiah) Wheeler during the existence of the community of acquets and gains be tween him and his wife, Willie Baber Wheeler, under act of sale dated March 19, 1929, an recorded in the Conveyance Records of the Parish of Assumption, in C.B. 64 at page 260 under Entry No. 4366. Prior to the execution *204 of this sale the source and chain of title with respect to plaintiff's and defendant's claim to the land are common and identical.
"9.
"By judgment of possession rendered by this Honorable Court on May 28, 1942, in the matter entitled "Succession of Josiah Wheeler" No. 2278, Mrs. Willie Baber Wheeler was recognized as universal legatee and as widow in community of the decedent and placed and sent into possession, together with other property, of the tract described in Article 7 hereof.
"10.
"By act of cash sale dated June 10, 1959, recorded in the Conveyance Records of the Parish of Assumption in C.B. 91 at page 194 under Entry No. 53132 the property described in Article 7 hereof was conveyed by Mrs. Willie Baber Wheeler to defendant (plaintiff in the converted action), Moore Valois, who is the true and lawful owner of said tract.
* * * * * *
"1.
"The allegations of paragraph 7 of the answer and petition in the petitory action are denied.
"2.
"Defendant John L. Burt admits that the property described in paragraph 7 of the answer and petition in the petitory action was acquired from Theophile Talbot by Joseph (Josiah) Wheeler under act of sale with assumption of mortgage dated March 7, 1929, (and not March 10, 1929), and recorded in Conveyance Book 64 page 260, and Mortgage Book 57 page 436 under Entry Number 4366, official records of the Parish of Assumption, State of Louisiana, although the property described in paragraph 7 of the answer and petition in the petitory action was not so described in the aforesaid act, but was part of the property described therein; and that prior to the execution of this sale the source and chain of title with respect to plaintiff's and defendant's claim to the land are common and identical; the remaining allegations, if any, are denied.
"3.
"The allegations of paragraph 9 of the answer and petition in the petitory action are admitted, although the property described in paragraph 7 of the answer and petition in the petitory action was not so described in said judgment, but was part of the same property acquired by decedent from Theophile P. Talbot referred to in paragraph 2 hereof.
"4.
"Defendant John L. Burt admits the allegations of paragraph 10 of the answer and petition in the petitory action. Further answering, defendant alleges that in addition to the description made in paragraph 7 of the answer and petition in the petitory action, the act of sale described in paragraph 10 of the answer and petition in the petitory action contained the following language:
"`The herein conveyed property is the levee or batture portion of the same property acquired by Josiah Wheeler from Theophile P. Talbot by act of sale dated March 10, 1929, recorded in the Conveyance Records of the Parish of Assumption in C.B. 64 at page 260 and is a portion of the same property acquired by vendress as widow in community and universal legatee of the said Josiah Wheeler having been recognized as such by Judgment of Possession rendered by the Twenty-third Judicial District Court for the Parish of As sumption in the matter entitled `Succession of Josiah Wheeler,' No. 2278 of the Probate Docket of said Court, which judgment is dated May 28, 1942, and is recorded in C.B. 74 at page 623 *205 of the Conveyance Records of the Parish of Assumption.'"
In support of the contention that defendant's admission of plaintiff's title (as hereinabove shown) relieved plaintiff of the burden of proof and estopped defendant from questioning plaintiff's title, learned counsel for appellant cites and relies heavily upon Caillier v. Profito, 15 La.App. 287, 128 So. 207, and numerous other decisions which lay down the general rule that a fact judicially admitted need not be proved.
Our careful consideration of the Caillier case, supra, reveals it to be readily distinguishable from the case at bar. In the Caillier decision, supra, plaintiff instituted a petitory action alleging defendant to be in possession of certain property belonging to plaintiff and further asserted that defendant sold and conveyed to a third party a large quantity of dirt which defendant removed from the property in dispute. Plaintiff therein prayed to be recognized as owner of the property and also prayed for money judgment against defendant for the value of the dirt sold. Defendant's answer admitted plaintiff's allegations of ownership but at the same time denied plaintiff had any interest in the property involved. Defendant also set up title to certain property but did not directly aver that the title which he pleaded included the property described in plaintiff's petition. In the prayer of his answer defendant did not pray that he be recognized as owner of the property in controversy but merely that plaintiff's demand be rejected and his suit dismissed. The court therein held that under the pleadings defendant's admission of plaintiff's title estopped defendant to question same.
The several decisions cited by appellant as establishing the general rule that a fact admitted need not be proved are clearly inapplicable to the case at bar. None are factually analogous to the instant matter. For example, Jones v. Bishop, 12 La. 397, is authority for the proposition that a plea of payment admits the existence of the obligation thereby casting upon the debtor the obligation of proving payment. Rost v. Byrne, et al., 14 La. 372, holds that a plea of compensation likewise admits the debt sued upon. Feazel v. Peek, et al., 189 La. 61, 179 So. 35, involved an action to establish title to realty wherein plaintiff sought to prevent defendant's introduction of the deed which plaintiff attacked as an alleged cloud and slander of plaintiff's title and which deed defendant in his answer asserted to be a valid conveyance. The court therein very properly held that plaintiff having admitted the existence of the alleged pretended act and prayed for its cancellation was in no position to resist defendant's attempt to offer same in evidence in support of defendant's claim to the property in dispute.
In the case at bar it will be noted that in Article 1 of defendant's answer to the converted petitory action, plaintiff's alleged ownership of subject property as set forth in Article 7 of plaintiff's petitory action is expressly denied. Although Article 4 of defendant's answer admits plaintiff's allegation of ownership reiterated in Article 10 of the petitory action, we also note Article 6 of defendant's answer which alleged the following:
"6.
"Further answering, John L. Burt specifically denies that Moore Valois is the owner of the property described in paragraph 7 of the answer and petition in the petitory action, and alleges affirmatively that he is the owner of said property."
Also quite significant is the fact that in subsequent articles of his answer to the petitory action of plaintiff, defendant sets forth his own alleged ownership of the property in dispute by reference to a specific act of acquisition, by acquisitive prescription of 10 years and by 30 years acquisitive prescription. See Articles 7, 9 and 10, respectively, of defendant's answer. Additionally, we observe that in answering the petitory demand, defendant prays for judgment recognizing him as owner of the property involved and cancelling from the *206 public records all evidence of plaintiff's pretended title. We also deem of considerable importance the fact that in the case at bar defendant Burt was the initial plaintiff herein and in such capacity asserted possession of the property as owner.
The effect of admission made under circumstances similar to those with which we are herein concerned appears to have been the source of somewhat divergent views in the past. Admittedly there have been instances wherein admissions of such nature have been held to estop the pleader. Thus in Shaw v. Board of Commissioners, 138 La. 917, 70 So. 910, it was held that conflicting pleadings are construed against the pleader and where, in the same pleading a defendant admits and denies that plaintiff is the owner of property which defendant claims to own defendant should not be permitted to introduce evidence in support of his denial of plaintiff's ownership. The Shaw case was, however, reversed on other grounds on rehearing. Upon refusal to grant a second rehearing to a third party therein concerned, the United States Supreme Court reversed and remanded for the taking of evidence in support of the contention advanced by the third party involved. We note that the decision cites no authority for the rule pronounced and moreover makes no mention of the provisions of LSA-C.C. Article 2291, which we shall hereinafter mention. To virtually the same effect see Wetherbee v. Railroad Lands Co., 153 La. 1059, 97 So. 40.
What appears to us to be the sounder and more rational rule of construction in such instances, however, is expressed in that line of jurisprudence which in substance holds that pleadings cannot be divided against the pleader but must be taken and construed as a whole. In this regard we note the holding in Walker v. Baer-Thayer Hardwood Co., 14 La.App. 381, 129 So. 218, that as a general rule estoppel will not be created by language contrary to the meaning and intention of the pleader where it is evident that the intention of the pleader is to negative and not to recognize or admit the alleged rights of the plaintiff.
In Haas v. Whatley, 17 La.App. 87, 135 So. 249, it was held that all allegations of defendant's answer must be considered together. The court therein stated:
"* * * The allegations of the answer, in this connection, do appear a bit contradictory, and tend to cause a bit of confusion. The substance of the answer, when considered as a whole, however, is to show that the plaintiffs have mistaken the property they claim title to. * * *"
Scurto v. Le Blanc, 191 La. 136, 184 So. 567, involved an instance wherein defendant, both in her answer and in answering interrogatories on facts and articles, admitted she was her father's agent and then denied she was his agent in the purchase of certain lots. Therein the court held that judicial admissions made in a party's pleading cannot be divided against him but must be taken and considered in connection with all other judicial declarations made in his pleadings under authority of LSA-C.C. Article 2291.
The most recent and in our judgment the clearest and most succinct statement of the rule is to be found in Brooks v. Washington National Life Insurance Co., La.App., 79 So.2d 653, wherein we note:
"It must be borne in mind that judicial admissions made in a litigant's pleadings must not be divided against him; they can be taken only in connection with all other declarations made in his pleading. The adversary cannot accept only those allegations which are favorable to his cause and then repudiate other allegations which may be unfavorable to him. LSA-C.C. art. 2291; C.P. art. 356; Daspit v. Sinclair Refining Co., 198 La. 9, 3 So.2d 259; Fontenot v. Ludeau, 191 La. 540, 186 So. 21; Scurto v. Le Blanc, 191 La. 136, 184 So. 567; Hough v. Vickers, 6 La. Ann. 724; Pratt v. Flower, 3 Mart. *207 N.S., 452; Crummen v. Cavenah, 1 Mart., N.S., 532; Bryans v. Dunseth, 1 Mart., N.S., 412."
The rule laid down by the Brooks case, supra, and the authorities therein cited, is not only founded on sound and equitable principles but also lends recognition to and applies the provisions of Article 2291 LSA-C.C. which governs the effect of judicial admissions and which states, inter alia, that such admissions may not be divided against the pleader. In line with the cited authorities we hold, therefore, that in construing the effects of defendant's answer to plaintiff's converted demand, the allegations of defendant's answer must be considered as a whole. No portion thereof may be isolated or divided against defendant. Plaintiff may not accept those allegations which are favorable to his cause and simultaneously reject those adverse to plaintiff's interests.
With the foregoing criterion of interpretation in mind we have considered defendant's answer in its entirety and conclude that the admission of plaintiff's ownership as set forth in Article 4 of defendant's answer was clearly inadvertent inasmuch as it is patently inconsistent with and contrary to the express intention of defendant to resist plaintiff's asserted claim of ownership to the property in dispute in this litigation. Not only is plaintiff's alleged ownership denied by defendant in both prior and subsequent articles of defendant's answer, (Articles 1 and 6), but also defendant herein expressly prays that defendant be recognized as owner of the property in question and that all indicia of plaintiff's alleged title be erased from the public records. Such allegations and prayer are clearly inconsistent and incompatible with an intention on the part of defendant to recognize plaintiff's asserted title.
Under the circumstances shown, defendant's admission did not constitute judicial acknowledgment of plaintiff's alleged title. Moreover, it neither relieved plaintiff of the burden of proof nor estopped defendant from questioning plaintiff's purported ownership.
Plaintiff herein having converted this action into a petitory action bore the burden of establishing apparent title in himself before defendant's title was placed in issue. Article 44 former Code of Practice, A. M. Edwards Co., Inc. et al. v. Dunnington, La.App., 58 So.2d 225; Smith v Chappell, 177 La. 311, 148 So. 242; Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184.
It is also the settled jurisprudence of this state that as between adverse claimants to real property acquired from a common source, preference is given him whose title is the most ancient unless the other shall have possessed adversely for a term sufficient to establish title by prescription. LSA-R.C.C. Article 847; Parker v. Allums, La.App., 81 So.2d 128.
Appellant's contention simply stated is that since there is a discrepancy between the description in defendant's deed and the map to which reference therein is made (and this fact is conceded by defendant) the map must control. Based on this premise appellant reasons that since the controlling map (a copy of which appears in evidence) clearly shows that the batture in question was not surveyed and further indicates that the acreage called for in defendant's deed exists west of the road running along Bayou Lafourche, no portion of the disputed batture was conveyed to defendant. Appellant next reasons that defendant's deed having failed to transfer the property in controversy, the disputed batture remained the property of Mrs. Wheeler and was conveyed to appellant in 1959 under a description which expressly covers same. Finally appellant reasons that since he is a third party, he is entitled to rely upon the record title to the property and that under the jurisprudence neither defendant's assumption of the Federal Land Bank Mortgage granted by Talbot on the entire property nor the words "without reservation", nor the reference in defendant's deed to Mrs. Wheeler's acquisition may be *208 resorted to in order to change, reform or alter defendant's deed to show title in defendant to property not included therein. Lastly appellant argues that none of the circumstances relied upon by appellee were sufficient to put appellant on notice of appellee's adverse claim to the property in question or Mrs. Wheeler's intention to transfer same to appellee. In this latter regard appellant relies upon that line of authorities established, inter alia, by McDuffie v. Walker, 125 La. 152, 51 So. 100; Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225; Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481, and King v. Bickham, La.App., 105 So.2d 301. The cited cases are authority for the proposition that a party dealing with immovable property need only look to the public records and if the public records do not reveal evidence of an adverse claim sufficient to place him on notice of outstanding claims, he obtains valid title from his vendor despite personal knowledge dehors the record of defects in his vendor's title.
Appellee contends that the description in his deed is sufficient to include the batture in question. Appellee further maintains that his deed constituted notice of his ownership of the controversial property because it (1) recited therein that he assumed payment of the balance due on the Federal Land Bank Mortgage granted by Talbot on the entire property; (2) referred to vendor's acquisition, and (3) the property was sold "without reservation". More important, however, is appellee's contention that the public records of Assumption Parish contain other unmistakable notice (especially to appellant) of appellee's claim of ownership of the property in question.
In the latter regard appellee contends that by act of sale dated February 22, 1946, (approximately 13 years prior to appellant's acquisition from Mrs. Wheeler) and recorded February 26, 1946, in Conveyance Book 77, Page 248 of the records of Assumption Parish, appellee sold and conveyed to appellant a portion of the property purchased by appellee from Mrs. Wheeler. Said deed which appears in the record (See Exhibit Burt #5) contains, inter alia, the following property description, terms, conditions and provisions:
"A certain tract of land, together with all rights, ways, privileges and servitudes, situated in the Parish of Assumption, State of Louisiana, about one and one half miles above the Town of Napoleonville being a portion of The John Burt Plantation, more particularly described in accordance with a plat of survey made by J. C. Waties, (sic) C. E. in February, 1946 as:
"Beginning at a point marked A, said point being on the West of Louisiana Highway No. 29 right of way at a distance of 330 feet from Section Line dividing Sections 20 and 21, T 13 S R 14 E; thence North 69 degrees 30 minutes West 844 feet to point B; thence North 20 degrees 30 minutes East 312 feet to point C; thence South 68 degrees 45 minutes East 863.4 feet to point D; thence South 23 degrees 30 minutes West 300 feet to A point of beginning containing an area of 5.99 acres; all in accordance with said survey, a plat of which is hereto attached and made part hereof.
* * * * * *
"The present purchaser does hereby agree that if he should decide to sell or dispose of the above described tract that he will give the present seller the preference of purchasing the said property at the price offered by any other prospective purchaser.
"The present vendor does hereby agree that if he should decide to sell the batture between the waters of Bayou Lafourche and the paved public highway located immediately in front of the above described property that he will give the present purchaser the preference to purchase at the price offered by any other prospective purchaser.

*209 "The present vendor does further agree that the said batture immediately in front of the property herein sold will not be put to any use that will depreciate the value of the property of the present purchaser."
We concede that learned counsel for appellant correctly argues the law of this state to be that in the event of conflict between the worded description of real property appearing in a deed and a map to which reference in the deed is made for further identification of the property intended to be conveyed, the map controls. Isacks v. Deutsch, La.App., 114 So.2d 746, and cases therein cited. We further concede that, under such circumstances, if the map fails to include property claimed such property not shown on the map is not conveyed as a matter of record. Predicated on this premise learned counsel for appellant in his brief states that the sole issue in this case is as follows:
"The sale from Mrs. Wheeler to defendant (Burt No. 1) antedated the sale from her to the plaintiff and, therefore, the one and only question presented is whether the sale to defendant covered and included the property in controversy. * * *"
The position thus assumed by illustrious counsel for appellant is legally indefensible in that it is predicated upon the following erroneous assumptions: (1) it presupposes that appellee must be possessed of perfect recorded title to the disputed property to prevail herein, and (2) it assumes that the deed to appellee must in itself transfer perfect legal title to the property in controversy otherwise all asserted rights of appellee in and to the property are forever barred and foreclosed.
Neither of said assumptions, however, are justified in view of the present status of the instant case. The question here is not whether appellee has perfect, legally recorded title but simply whether appellee possesses the disputed property as owner. Assuming, arguendo, as contended by counsel for appellant, the deed from Mrs. Wheeler to Burt did not in itself transfer title to the batture, said circumstance is of no moment considering Burt is not required to prove title to maintain his jactitory action but only possession as owner. It is significant to point out that in the case at bar not only has appellant admitted his opponent's possession of the controversial property as owner but also that abundant proof of appellee's possession thereof as owner appears in the record.
Further, assuming, as contended by appellant, the deed from Mrs. Wheeler to Burt did not convey the batture it does not necessarily follow that all appellant's asserted rights thereto are barred and foreclosed. It is the settled law of this state that as between a vendee and his vendor as well as between third parties purchasing from the same vendor with recorded notice of the former vendee's adverse claim, the deed to Burt is subject to reformation to correct any error of description therein or include property omitted therefrom but intended by the parties to have been thereby transferred. W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184. It cannot be denied that the only persons against whom appellee may not assert such right of reformation are innocent third parties purchasing in the absence of recorded notice of appellee's adverse claim. McDuffie v. Walker, 125 La. 152, 51 So. 100, Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481. Conceding the title of appellee to be doubtful and contingent such circumstance can nevertheless be of no comfort to appellant for as the matter now stands appellee's title is not in question.
With respect to appellant, however, the matter is quite different. Having acknowledged appellee's possession as owner and claimed ownership of the property in controversy, appellant must either establish apparently valid title in himself or lose the contest. A. M. Edwards Co., Inc. et al. v. Dunnington, La.App., 58 So.2d 225. Louisiana *210 Code of Practice Article 44. It necessarily follows that at this point the relative strengths of the titles of the adverse parties are not at issue. It also follows that appellant is in no position to attack or assert the weakness of appellee's title until appellant shall have first discharged the burden incumbent upon him of proving apparently valid title in himself.
As between the litigants at bar appellant's entire case is predicated upon two principal contentions: (1) that appellee having admitted appellant's title, appellant was relieved of the burden of establishing same; and (2) that appellant acquired good and valid title to the land upon the face of the public records as an innocent third purchaser. The former contention has herein previously been determined adversely to appellant. The latter contention is and must be predicated upon an absence from the public records of any notice of appellee's adverse claim to the property in dispute. Hodgeson v. McDaniel, supra, and cases therein cited.
Appellant correctly argues that mere reference to Mrs. Wheeler's acquisition in her deed to defendant is not in itself sufficient to enlarge defendant's deed to include the batture. Bender v. Chew, 129 La. 849, 56 So. 1023; W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184.
However, as hereinbefore demonstrated, appellant incorrectly argues that the sole question before the court is whether the deed from Mrs. Wheeler to appellee was sufficient on its face and of itself to transfer the property in dispute. It will be recalled that both litigants are claiming from a common author; that appellee's title antedates that of appellant and that appellant having converted this jactitation suit into a petitory action bears the burden of establishing apparently valid title before appellee's title is brought into question. The fallacy of appellant's contention lies in the fact that conceding appellee's deed is in itself insufficient to transfer title appellant may nevertheless not prevail herein unless the public records are devoid of evidence of appellee's adverse claim to the property in dispute for, if such adverse claim appears upon the face of the public records, appellant did not acquire apparently valid title and, as a consequence, his petitory action must fall.
The rationale of McDuffie v. Walker, 125 La. 152, 51 So. 100, and the innumerable cases which have subsequently followed the rule enunciated therein, is to the effect that personal knowledge of a purchaser outside the public records does not estop him from acquiring good title to property so long as there exists no adverse claim upon the face of the public records sufficient to put him upon notice of a claim of ownership by a party other than his vendor. The rule further provides that despite personal knowledge of defects in his vendor's title, the purchaser is in good faith so long as there exists no evidence on the face of the public records sufficient to put him on notice of an adverse claim of a third party, and in such circumstances, he acquires valid title.
The obvious basis for the rule is the good faith of the purchaser predicated upon an absence of recorded notice of an adverse claim. In Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481, the rule is stated thusly:
"* * * Ever since the landmark decision of McDuffie v. Walker, 125 La. 152, 51 So. 100, it has been the settled public policy, which is founded upon the articles of our Civil Code, that a party dealing with immovable property need look only to the public records and, if such records do not show the recordation of any adverse claim sufficient to put such third party on notice, he obtains a good title notwithstanding that he had personal knowledge of defects therein. Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225; Humphreys v. Royal, 215 La. 567, 41 So.2d 220 and see also Thompson v. Thompson, 211 La. 468, 30 So.2d 321."
*211 Insofar as the instant case is concerned we can conceive of no better evidence of recorded notice to appellant of appellee's adverse claim of ownership to the property in dispute than the recorded deed from appellee to appellant executed February 22, 1946, in which, in selling a portion of the property acquired from Mrs. Wheeler, appellee claimed the disputed batture by agreeing to sell a portion thereof to appellant. Further evidence of Burt's claim of ownership thereof is to be found in the stipulation therein obligating said vendor not to permit any use of that portion of the disputed batture which would depreciate the adjacent property therein sold by Burt to appellant. Not only does said deed between the litigants at bar contain an express claim of appellee's ownership of the batture but it also embodies appellant's formal, notarial and recorded acknowledgment, recognition and admission of appellee's ownership thereof. Such claim of ownership by Burt and acknowledgment thereof by Valois follows from the fact that in further consideration of the price paid for the land therein conveyed, appellee granted appellant first refusal to purchase the batture in front of the land sold in the event that appellee should decide to part with same. It cannot be seriously contended that appellee's offering to sell said batture under the conditions noted, does not constitute a claim of ownership thereof and recognition of said ownership by appellant. The deed in question contains further recorded notice of appellee's claim of ownership in the form of appellee's obligation to permit no use of the batture which would impair the value of the property sold appellant. In acquiring said valuable concession from appellee, appellant further recognized, acknowledged and conceded appellee's ownership.
We have most carefully and painstakingly considered each of the numerous authorities cited by learned counsel for appellant on the question of acquisition of title by a purchaser taking upon the face of the public records. We see no reason to unduly lengthen this opinion by individual consideration of each said case. It suffices, we believe, to state that none of said decisions have held that a purchaser who has previously recognized, by recorded notarial act, the ownership of disputed property to be in a third party claiming through a common immediate ancestor in title, may acquire apparently valid title to the same property predicated upon a purported conveyance from the same common immediate ancestor postdating his acknowledgment of ownership in such third party.
Based on the premise that defendant's admission of plaintiff's title relieved plaintiff of the burden of proving apparently valid title to the land in dispute, learned counsel for appellant has reurged before us his objection to all evidence relating to appellee's title. Said argument, of course, falls in view of our ruling that under the circumstances shown defendant is not held to have admitted plaintiff's title and that plaintiff bore the burden of proving apparently valid title in himself.
Plaintiff having conceded defendant's possession of the property in dispute and having failed to establish apparently valid title thereto, defendant is entitled to dismissal of plaintiff's demand with prejudice thereby protecting defendant's possession against any future action by plaintiff predicated upon the same pretended title. Guidry v. Woods, 19 La. 334; Smith v. Chappell, 177 La. 311, 148 So. 242; Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184.
For the reasons hereinabove set forth the judgment of the trial court is amended and judgment rendered herein in favor of defendant, John L. Burt, and against plaintiff, Moore Valois, dismissing said plaintiff's petitory action with prejudice. All costs to be paid by appellant, Moore Valois.
Amended and affirmed.